UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONNI RABIN,<br>MARITZA AVILA,<br>JANE DOE,<br>RONALD GREEN,<br>WENDE QALLAB,<br>LINDA SIEBERT, and<br>ALLISON PAYNE<br><br>  Plaintiffs,<br>  Individually and as<br>  representatives of all<br>  persons similarly situated<br><br>VS.<br><br>PATRICIA WILSON-COKER,<br>Commissioner of the Connecticut<br>Department of Social Services,<br>in her official capacity<br>  Defendant | CIVIL ACTION NO.3:03 CV555<br>(RNC)<br><br><br><br><br><br><br><br><br><br><br><br><br>OCTOBER 14, 2004 |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs hereby move, pursuant to 42 U.S.C. § 1988, for attorneys' fees and costs in the amount of $206,302.50 in attorneys' fees and $3,456.11 in costs for work performed in the above-entitled case. In support of this motion, plaintiffs state:

1. Plaintiffs brought this action on March 28, 2003 under 42 U.S.C. § 1983, on behalf of themselves and a class of needy Connecticut parents, caretaker relatives and children, challenging defendant's proposed termination of Medicaid benefits for 30,000 recipients, effective April 1, 2003, as a result of changes made under Connecticut Public Act 03-2. Plaintiffs challenged the

2

defendant's failure to make federally-mandated individualized determinations of continued eligibility, pursuant to 42 U.S.C. § 1396a(a)(8), as well as defendant's affirmative refusal to provide Extended Medicaid (also known as "Transitional Medical Assistance" or "TMA") to plaintiffs and members of the plaintiff subclass as required by 42 U.S.C. § 1396r-6(a)(1) and 42 U.S.C. § 1396u-1.  Plaintiffs also challenged defendant's issuance of termination notices which violated plaintiffs' rights under 42 U.S.C. § 1396a(a)(3); 42 C.F.R. §§ 431.210 and 431.230(a) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2. On March 31, 2003, this Court entered a temporary restraining order, restraining the defendant from terminating Medicaid benefits based on the defendant's admission that the termination notices did not comply with the requirements of federal Medicaid law.

3. On May 30, 2003, after an evidentiary hearing held on May 6, 2003, the Court dissolved the temporary restraining order and entered summary judgment in favor of the plaintiffs on all counts.

4. On June 9, 2003, plaintiffs filed an appeal to the Second Circuit Court of Appeals from the Court's ruling insofar as such ruling denied Extended Medicaid (TMA) to the approximately 18,000 members of the plaintiff subclass who worked or who had family members who were employed.

5. On June 25, 2003 , the Second Circuit issued a stay of that decision, thereby requiring the continued, uninterrupted, provision of TMA to members of the plaintiff class pending the outcome of the appeal, which was

3

then expedited.

6. On March 26, 2004, the Second Circuit reversed the Court's May 30, 2003 Ruling, holding that the members of the plaintiff subclass were entitled to TMA benefits pursuant to 1396r-6(a)(1) and 42 U.S.C. § 1396u-1. The defendant sought reconsideration of that decision, which motion was denied.

7. The Second Circuit issued its Mandate to the District Court, which was filed by the Court on September 21, 2004.

8. The plaintiffs are entitled to attorneys' fees and costs in this case having obtained a judgment in their favor.

9. The plaintiffs have expended $206,302.50 in attorneys' fees based on the exercise of reasonable billing judgment, the contemporaneously-maintained time records of each attorney in the case, and based on hourly rates that are fair and reasonable under the prevailing rates for attorneys of similar education and experience in the relevant community. A list of each attorneys' hours and rate is attached hereto. Detailed time records have been previously provided to defendant's counsel. All time that was exclusively devoted to the prosecution of plaintiffs' claim under 42 U.S.C. § 1396a(a)(8), on which claim plaintiffs obtained no judgment from the Court, and which was not part of plaintiffs' appeal, has been excluded from plaintiffs' attorneys' fees request.

10. All fees and expenses are to be paid the nonprofit legal services program employing each of plaintiffs' counsel.

11. The plaintiffs have expended $3,456.11 in costs, including $571.11, which was ordered by the Second Circuit pursuant to plaintiffs' verified

4

bill of costs. A list of those expenditures is attached hereto.

WHEREFORE, plaintiffs respectfully request that the Court award the plaintiffs $209,758.61 in attorneys' fees and costs for the prosecution of this case.

          Respectfully submitted,
          PLAINTIFF-APPELLANTS


By:_____
  SHELLEY A. WHITE (ct05727)
  JOANNE G. GIBAU (ct05730)
  New Haven Legal Assistance Association.
  426 State St.
  New Haven, CT  06510
  Phone:203. 946-4811 x. 116
  FAX: 203 498-9271
  swhite@nhlegal.org

  LUCY POTTER(ct23449)
  GREG BASS (ct18114)
  Greater Hartford Legal Aid
  999 Asylum Avenue, 3rd Floor
  Hartford, CT 06105-2465
  Phone: 860.541.5002
  Fax: 860.541.5050
  lpotter@ghla.org
  gbass@ghla.org

  SHARON LANGER(ct06907)
  Connecticut Legal Service, Inc.
  587 Main Street
  New Britain, CT 06051
  Phone: 860.225.8678 x.108
  Fax: 860.225.6105
  slanger@connlegalservices.org

THEIR ATTORNEYS

5

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing Plaintiffs' Motion for Attorneys' Fees and Costs was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 14th day of October, 2004, first class, postage prepaid to:

> Hugh Barber
> Tanya Feliciano
> Richard J. Lynch
> Assistant Attorneys General
> 55 Elm Street, P.O. Box 120
> Hartford, CT 06141-0120

 

                                                    _____
                                                    Shelley A. White
                                                    Plaintiffs' Attorney