**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

RONNI RABIN,
MARITZA AVILA,
JANE DOE,
RONALD GREEN,
WENDE QALLAB,
LINDA SIEBERT, and
ALLISON PAYNE                                    CIVIL ACTION NO.3:03 CV555
                                                 (RNC)

       Plaintiffs,
       Individually and as
       representatives of all
       persons similarly situated

VS.

PATRICIA WILSON-COKER,
Commissioner of the Connecticut              OCTOBER 14, 2004
Department of Social Services,
in her official capacity
       Defendant


**BRIEF IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

**BACKGROUND**

      Plaintiffs have moved the Court, pursuant to 42 U.S.C. § 1988, for

attorneys' fees in the amount of $206,302.50 and costs in the amount of

$3,456.11 for work performed in the above-entitled case.  Plaintiffs brought this

action on March 28, 2003 under 42 U.S.C. § 1983, on behalf of themselves and

a class of needy Connecticut parents, caretaker relatives and children,[1]

challenging defendant's proposed termination of Medicaid benefits for 30,000

---

[1]  Although the class was never formally certified in this case, all relief in this case
has been granted on a class-wide basis.

2

recipients, effective April 1, 2003, as a result of changes made under Connecticut Public Act 03-2.  Plaintiffs challenged the defendant's refusal to provide Extended Medicaid benefits  (also known as "Transitional Medical Assistance" or "TMA") to plaintiffs and members of the plaintiff subclass as required by 42 U.S.C. § 1396r-6(a)(1) and 42 U.S.C. § 1396u-1.  Plaintiffs also challenged defendant's failure to make federally-mandated individualized determinations of continued eligibility, pursuant to 42 U.S.C. § 1396a(a)(8), as well as defendant's  issuance of termination notices which violated plaintiffs' rights under 42 U.S.C. § 1396a(a)(3); 42 C.F.R. §§ 431.210 and 431.230(a) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

On March 31, 2003, this Court entered a temporary restraining order, restraining the defendant from terminating Medicaid benefits based on the defendant's admission that the termination notices did not comply with the requirements of federal Medicaid law.   Subsequently, on May 30, 2003, after an evidentiary hearing held on May 6, 2003, the Court dissolved the temporary restraining order and entered summary judgment in favor of the plaintiff on all counts.

Plaintiffs appealed this ruling to the Second Circuit Court of Appeals insofar as the Court denied TMA benefits to the approximately 18,000 members of the plaintiff subclass who worked or who had family members who were employed.  Plaintiffs filed their appeal on June 9, 2003.

On June 25, 2003 , the Second Circuit issued a stay of the Court's

3

summary judgment ruling, thereby requiring the continued, uninterrupted provision of TMA to members of the plaintiff class pending the outcome of the appeal. The appeal was then expedited and argued before the Second Circuit on August 4, 2003.

On March 26, 2004, the Second Circuit reversed the Court's May 30, 2003 Ruling, holding that the members of the plaintiff subclass were entitled to TMA benefits pursuant to 42 U.S.C. § 1396r-6(a)(1) and 42 U.S.C. § 1396u-1. The defendant sought reconsideration of that decision, which was denied.

The Second Circuit issued its Mandate to the District Court, which was filed by the Court on September 21, 2004.

The plaintiffs' attorneys' fees request is based on the exercise of reasonable billing judgment, the contemporaneously-maintained time records of each attorney in the case, and based on hourly rates that are fair and reasonable under the prevailing rates for attorneys of similar experience in the relevant community. A list of each attorneys' hours and rate is attached to plaintiffs Motion. Detailed time records have been previously provided to defendant's counsel.[2] All time that was exclusively devoted to the prosecution of plaintiffs' claim under 42 U.S.C. § 1396a(a)(8), on which claim plaintiffs obtained no judgment from the Court, and which was not part of plaintiffs' appeal, has been excluded from plaintiffs' attorneys' fees request. All fees and expenses ordered

---

[2]

 Plaintiffs will timely supplement their fee petition to provide these records to the Court.

4

by the Court are to be paid to the nonprofit legal services program employing each of plaintiffs' counsel.

The plaintiffs have also expended $3,456.11 in costs, including $571.11, which was ordered by the Second Circuit pursuant to plaintiffs' verified bill of costs. A list of those expenditures is also attached to plaintiffs' Motion.

## ARGUMENT

I. BY OBTAINING AN ENFORCEABLE JUDGMENT ON THE MERITS IN THE UNDERLYING LITIGATION, PLAINTIFFS ARE ENTITLED TO ATTORNEY'S FEES AND COSTS AS THE PREVAILING PARTIES.

Clearly, the plaintiffs are the prevailing party in this action entitled to attorneys' fees and costs under 42 U.S.C. § 1988. In Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001), the United States Supreme Court held that parties who obtain enforceable judgments on the merits create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney' s fees.Id. at 605 (citing Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, 792-93 (1989) and Rhodes v. Steward, 488 U.S. 1, 3-4 (1988)). Not only did plaintiffs achieve a favorable judgment on the merits of their claim that 18,000 low income Medicaid recipients in Connecticut were entitled to Extended Medicaid benefits pursuant to 42 U.S.C. § 1396r-6 and § 1396u-1, but they achieved an Order from the Second Circuit on June 25, 2003 which required that these benefits be provided to these recipients, without interruption pending the favorable outcome of plaintiffs' appeal. In addition, plaintiffs achieved a legally significant ruling from the Second Circuit holding that claims

5

under these Medicaid statutes are privately enforceable under 42 U.S.C. § 1983 under the recent Supreme Court decision in Gonzaga v. Doe, 536 U.S. 273 (2002). Finally, plaintiffs also achieved a significant interlocutory ruling from the Court when it issued a Temporary Restraining Order on March 25, 2003, which required the defendant to reissue all the termination notices issued as a result of the reduction in income eligibility limits in P.A. 03-02 to properly advise the plaintiffs of their right to an administrative "fair hearing" and their right to continued receipt of benefits pending the outcome of such a hearing as required by 42 U.S.C. § 1396a(a)(3) and the Due Process Clause of the Fourteenth Amendment.

II.  PLAINTIFFS' PETITION PRESENTS A REASONABLE LODESTAR AMOUNT OF REQUESTED FEES.

Once prevailing party status is established, the Court must inquire into the amount of the award. Generally, the amount of the award is computed by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate of compensation. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This lodestar amount is strongly presumed to be the reasonable fee. Huntington Branch v. Town of Huntington, 961 F.2d 1048, 1049 (2d Cir. 1992), (citing Pennsylvania v. Delaware Valley Citizens'  Council for Clean Air, 478 U.S. 546, 565 (1986)). Unnecessary reductions in the fee award are cautioned against. Where, as here:

> . . . a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation....  In these circumstances the fee award should not be reduced simply

6

> because the plaintiff failed to prevail on every contention in the
> lawsuit....  Litigants, in good faith, may raise alternative legal
> grounds for a desired outcome, and the court's rejection of or
> failure to reach certain grounds is not a sufficient reason for
> reducing a fee.  The <u>result</u> is what matters.

<u>Hensley</u>, 461 U.S. at 435 (emphasis added).

Plaintiffs have satisfied the standard for a fully compensatory fee award.

Through judicial decree, they secured uninterrupted Extended Medicaid benefits

for 18,000 low income Medicaid recipients who otherwise would have lost their

Medicaid. They secured a significant decision on the enforceability of the

Extended Medicaid provisions of the Medicaid Act and compliance with basic

notice requirements for the termination of statutorily-mandated welfare benefits.

The fact that one of plaintiffs' claims, specifically their claim under 42

U.S.C. § 1395a(a)(8) was not adjudicated in their favor does not in any diminish

the excellent results achieved by the plaintiffs.  The work performed on this

single, ultimately unsuccessful claim was inextricably intertwined with the work

on the major issues, which were successful and all effort by counsel was

"expended in pursuit of the ultimate result achieved," namely the restoration of

Medicaid benefits to plaintiffs.  <u>See</u>  <u>Hensley</u>, 461 U.S. at 435, 438 n.14 (where

success is obtained in a major issue, the conclusion is warranted that the results

were excellent); <u>Murphy v. Lynch</u>, 118 F.3d 938, 952 (2d 1992); <u>Dague v. City of</u>

<u>Burlington</u>, 935 F.2d 1343, 1358-9 (2d Cir. 1991).  The substantial beneficial

relief obtained by the named plaintiffs for the class of Medicaid recipients

7

satisfies the <u>Hensley</u> standard for a fully compensable fee.[3]

Plaintiffs' hourly rate for counsel is also fair and appropriate.  In <u>Blum v. Stenson</u>, 465 U.S. 886 (1984), the Supreme Court held that fee awards under 42 U.S.C. § 1988 "are to be calculated according to the prevailing market rates in the relevant community...." <u>Id</u>. at 895.  The U.S. Court of Appeals for the Second Circuit held in  <u>Miele v. New York State Teamsters Conference Pension and Retirement Fund</u>, 831 F.2d 407 (2d Cir. 1987), that <u>Blum</u> requires the district court to look to the prevailing rates in the relevant community when determining hourly rates:

> [T]hough the district judge has some discretion in determining the hourly rate `prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," <u>Blum v. Stenson</u>, <u>supra</u>, 465 U.S. at 896, n.11... that discretion must be exercised on the basis of rates charged to clients of private law firms.

<u>Miele</u>, 891 F.2d at 409.[4]

---

[3]

 Plaintiffs did, however, exclude from this petition all time for work performed exclusively on the so-called "ex parte" issue which was raised pursuant to 42 U.S.C. §1396a(a)(8).

[4]

 In the event that there is any question about the reasonableness of counsel's requested hourly rates, plaintiffs will supplement this Motion with affidavits from attorneys familiar with the rates charged by attorneys in the community and other supporting documentation.  This documentation will demonstrate that the hourly rates requested -- $275 per hour for Shelley White and Greg Bass and $250 per hour for Lucy Potter, Sharon Langer, Sheldon Toubman and Joanne Gibau -- are well within the range of rates charged by attorneys of "reasonably comparable skill, experience and reputation" in the private market.

8

**<u>CONCLUSION</u>**

For all of the above-stated reasons, plaintiffs are entitled to be awarded

$209,758.11 in attorneys' fees and costs for the prosecution of this action.

9

Respectfully submitted,
PLAINTIFF-APPELLANTS

By:_____
  SHELLEY A. WHITE (ct05727)
  JOANNE G. GIBAU (ct05730)
  New Haven Legal Assistance Association.
  426 State St.
  New Haven, CT  06510
  Phone:203. 946-4811 x. 116
  FAX: 203 498-9271
  swhite@nhlegal.org

  LUCY POTTER(ct23449)
  GREG BASS (ct18114)
  Greater Hartford Legal Aid
  999 Asylum Avenue, 3rd Floor
  Hartford, CT 06105-2465
  Phone: 860.541.5002
  Fax: 860.541.5050
  lpotter@ghla.org
  gbass@ghla.org

  SHARON LANGER(ct06907)
  Connecticut Legal Service, Inc.
  587 Main Street
  New Britain, CT 06051
  Phone: 860.225.8678 x.108
  Fax: 860.225.6105
slanger@connlegalservices.org

THEIR ATTORNEYS

10

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Brief In Support of Plaintiffs'

Motion for Attorneys' Fees and Costs was mailed in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure on this 14th  day of October, 2004, first

class, postage prepaid to:

        Hugh Barber
        Tanya Feliciano
        Richard J. Lynch
        Assistant Attorneys General
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120

                        _____
                        Shelley A. White
                        Plaintiffs' Attorney