## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF CONNECTICUT

RONNI RABIN,
MARITZA AVILA,
JANE DOE,
RONALD GREEN,
WENDE QALLAB,
LINDA SIEBERT, and
ALLISON PAYNE                                    CIVIL ACTION NO.3:03 CV555 (RNC)
      Plaintiffs,
      Individually and as
      representatives of all
      persons similarly situated

VS.

PATRICIA WILSON-COKER,
Commissioner of the Connecticut                  JANUARY 7, 2005
Department of Social Services,
in her official capacity
      Defendant

## PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS FEES AND COSTS

Plaintiffs hereby amend their Motion for Attorneys Fees and Costs pursuant to 42 U.S.C.

§ 1988, to reduce the amount of attorneys' fees sought to $200,542. In support of this amended

motion, plaintiffs state:

1.    Plaintiffs brought this action on March 28, 2003 under 42 U.S.C. § 1983, on

behalf of themselves and a class of needy Connecticut parents, caretaker relatives and children,

challenging defendant's proposed termination of Medicaid benefits for 30,000 recipients,

effective April 1, 2003, as a result of changes made under Connecticut Public Act 03-2.

Plaintiffs challenged the defendant's failure to make federally-mandated individualized

determinations of continued eligibility, pursuant to 42 U.S.C. § 1396a(a)(8), as well as

defendant's affirmative refusal to provide Extended Medicaid (also known as "Transitional

Medical Assistance" or "TMA") to plaintiffs and members of the plaintiff subclass as required

by 42 U.S.C. § 1396r-6(a)(1) and 42 U.S.C. § 1396u-1. Plaintiffs also challenged defendant's issuance of termination notices which violated plaintiffs' rights under 42 U.S.C. § 1396a(a)(3); 42 C.F.R. §§ 431.210 and 431.230(a) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

    2.      On March 31, 2003, this Court entered a temporary restraining order, restraining the defendant from terminating Medicaid benefits based on the defendant's admission that the termination notices did not comply with the requirements of federal Medicaid law.

    3.      On May 30, 2003, after an evidentiary hearing held on May 6, 2003, the Court dissolved the temporary restraining order and entered summary judgment in favor of the plaintiffs on all counts.

    4.      On June 9, 2003, plaintiffs filed an appeal to the Second Circuit Court of Appeals from the Court's ruling insofar as such ruling denied Extended Medicaid (TMA) to the approximately 18,000 members of the plaintiff subclass who worked or who had family members who were employed.

    5.      On June 25, 2003 , the Second Circuit issued a stay of that decision, thereby requiring the continued, uninterrupted, provision of TMA to members of the plaintiff class pending the outcome of the appeal, which was then expedited.

    6.      On March 26, 2004, the Second Circuit reversed the Court's May 30, 2003 Ruling, holding that the members of the plaintiff subclass were entitled to TMA

benefits pursuant to 1396r-6(a)(1) and 42 U.S.C. § 1396u-1. The defendant sought

reconsideration of that decision, which motion was denied.

7.      The Second Circuit issued its Mandate to the District Court, which was filed by

the Court on September 21, 2004. Plaintiffs' initial Motion for Attorneys Fees and Costs was

filed on October 14, 2004. This amended motion changes the amount of attorneys fees sought.

8.      The plaintiffs are entitled to attorneys' fees and costs in this case having obtained

a judgment in their favor.

9.      The plaintiffs have expended $200,790 in attorneys' fees based on the exercise of

reasonable billing judgment, the contemporaneously-maintained time records of each attorney in

the case, and based on hourly rates that are fair and reasonable under the prevailing rates for

attorneys of similar education and experience in the relevant community. Affidavits from

counsel attesting to their education and experience, the work activity for which fees are claimed,

and the process by which contemporaneous time records are maintained are attached hereto as

Exhibits B-F. . Also attached hereto, as Exhibits G and H, are affidavits from Attorneys Margaret

Mason of Tyler, Cooper, & Alcorn and Francis J. Brady of Murtha Cullina LLP, attesting to the

reasonableness of the hourly rates sought by counsel, as well as a decision issued in the case of

Christian Community Action v. Cisneros, Civil No. 3:91cv00296 (D.Conn. August 26,2002)

approving an hourly rate of $275 for Attorney White based on her education and

experience.(Exhibit I).

10.     All fees and expenses are to be paid the nonprofit legal services program

employing each of plaintiffs' counsel.

11.     The plaintiffs have expended $3,456.11 in costs, including $571.11, which was

ordered by the Second Circuit pursuant to plaintiffs' verified bill of costs which is attached as

Exhibit J.  A list those expenditures is attached to plaintiffs' initial Motion.

WHEREFORE, plaintiffs respectfully request that the Court award the plaintiffs

$ 203,998.11 in attorneys' fees and costs for the prosecution of this case.

Respectfully submitted,
PLAINTIFF-APPELLANTS

By _____:
SHELLEY A. WHITE (ct05727)
JOANNE G. GIBAU (ct05730)
New Haven Legal Assistance Association.
426 State St.
New Haven, CT 06510
Phone:203. 946-4811 x. 116
FAX: 203 498-9271
swhite@nhlegal.org

LUCY POTTER(ct23449)
GREG BASS (ct18114)
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd Floor
Hartford, CT 06105-2465
Phone: 860.541.5002
Fax: 860.541.5050
lpotter@ghla.org
gbass@ghla.org

SHARON LANGER(ct06907)
Connecticut Legal Service, Inc.
587 Main Street
New Britain, CT 06051
Phone: 860.225.8678 x.108
Fax: 860.225.6105
slanger@connlegalservices.org

THEIR ATTORNEYS

## CERTIFICATION

I hereby certify that a copy of the foregoing Amended Motion for Attorneys' Fees

was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this

_____ day of January, 2005, first class, postage prepaid to:

Hugh Barber
Tanya Feliciano
Richard J. Lynch
Assistant Attorneys General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Shelley A. White
Plaintiffs' Attorney

## Attorney Time

| Attorney | | Hours | | Amount |
|----------|---|-------|---|--------|
| Shelley White | ($275/hr) | 261.20 | | 71,830.00 |
| | ($137.50/hr) | 23.0 | Travel | 3,162.50 |
| Sharon Langer | ($250/hr) | 183.05 | | 45,762.50 |
| | ($125/hr) | 17.40 | Travel | 2,175.00 |
| Greg Bass | ($275/hr) | 93.50 | | 25,712.00 |
| Lucy Potter | ($250/hr) | 126.50 | | 31,625.00 |
| Sheldon Toubman | ($250/hr) | 81.1 | | 20,275.00 |
| | | Total: | | $200,542.00 |

*EXHIBIT A*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

RONNI RABIN,
MARITZA AVILA,
JANE DOE,
RONALD GREEN,
WENDE QALLAB,
LINDA SIEBERT, and
ALLISON PAYNE                                    CIVIL ACTION NO.3:03 CV555 (RNC)
      Plaintiffs,
      Individually and as
      representatives of all
      persons similarly situated

VS.

PATRICIA WILSON-COKER,
Commissioner of the Connecticut                  JANUARY 3, 2005
Department of Social Services,
in her official capacity,

      Defendant

## AFFIDAVIT OF SHELLEY A. WHITE

      Shelley A. White, an attorney duly admitted to practice law in the State of Connecticut and before this Court, hereby affirms subject to the penalties of perjury as follows:

      1. I am co-counsel for the named plaintiffs and plaintiff class in the above-entitled case.

      2.     I am the Litigation Director for New Haven Legal Assistance Association, Inc. (NHLAA). I submit this affidavit in support of plaintiff's motion for an award of attorney's fees in connection with the above-entitled matter.

      3.     I graduated <u>magna cum laude,</u> Order of the Coif, from Boston College Law School, Newton, Massachusetts, in May, 1977. I was admitted to practice in Georgia in 1977 (presently inactive) and I was admitted to practice in Connecticut in 1980. Since 2001, I have been a James Cooper Fellow with the Connecticut Bar Foundation.

# *EXHIBIT B*

4.    From 1977 to 1979, I was employed by Georgia Legal Services in Douglasville, Georgia as a staff attorney. In that capacity, I provided legal representation to low-income persons, including representation in individual and class action lawsuits in federal and state courts.

5.    From 1979-1980, I was employed as a legislative liaison by the Legal Services Training and Advocacy Project in Hartford, Connecticut. In that capacity, I lobbied on issues of interest to low-income persons at the Connecticut General Assembly.

6.    From 1980-1982, I was employed as an attorney by the Office of Protection and Advocacy for Handicapped and Developmentally Disabled Persons in Hartford, Connecticut. In that capacity, I provided legal advice to the Executive Director and represented individuals and groups of handicapped and developmentally disabled persons in state and federal courts, and before administrative agencies, on issues of concern to such persons, e.g., special education, employment discrimination, and civil commitment issues.

7.    From 1982-1987, I was employed by the Connecticut Civil Liberties Union in Hartford, Connecticut, as an attorney. In that capacity, I provided representation to individuals and groups in litigation concerning civil rights and civil liberties, e.g., free speech, separation of church and state, discrimination, mental health, due process and other constitutional law issues.

8.    Since 1987, I have been employed by New Haven Legal Assistance Association, Inc. as its Litigation Director. In that capacity, I develop, manage and supervise all federal cases and state court class actions and appeals, including all application for attorneys' fees under federal and state fee-shifting statutes. I also co-counsel cases in federal and state court with other attorneys employed by this program as well as attorneys from the other Connecticut legal services programs, the Office of Protection and Advocacy, the Connecticut Civil Liberties Union, and Yale Legal Services.

9.    I have extensive experience in federal and state court litigation. Attached hereto is a list of some of the litigation in which I have participated since 1977.

10.    The time records attached hereto are taken from contemporaneous time records maintained on a daily basis and are available for inspection upon request. The non-travel time I

have expended on this action to date is 261.2 hours which includes 26 hours of time spent on this fee petition. I also expended 23 hours of travel time.

11.    NHLAA's billing my time at $275 per hour for purposes of this fee petition under appropriate fee shifting statutes, which is well within the prevailing rate for attorneys of my education and experience. This Court (Covello, J.) approved this hourly rate for my services in 2002 in an unpublished Ruling on Plaintiffs' Motion for Attorneys Fees and Costs. Christian Community Action v. City of New Haven, Civ. No. 3:91cv00296(AVC) Slip Op., August 26, 2002. Travel time is billed at ½ this hourly rate.

12.    NHLAA seeks $ 74,992.5 for the work I performed in connection with this case.

13..    With respect to the time records submitted in support of this motion, it is NHLAA's practice to keep time in 6 minute intervals, with .1 representing 6 minutes of work, .2 representing 12 minutes, etc.

14.    I supervised the preparation of this fee petition and, in the exercise of reasonable billing judgment, eliminated approximately 200 hours of time from plaintiffs' request as representing time which was excessive, duplicative, or not properly documented.

WHEREFORE, I respectfully request that this Court grant this motion.

Shelley A. White

### LIST OF SIGNIFICANT CASES
<u>Federal District Court</u>:

<u>Karen L. et.al. v. Physicians Health Services et.al.</u> Civ. No 3:99 CV 2244 (CFD) Co-counsel in class action challenge, under federal Medicaid Act and the Due Process Clause of the Fourteenth Amendment, the failure of Medicaid managed care organization and Department of Social Services to provide timely and adequate notice of denials of Medicaid goods and services and failure to provide prescribed medications in a reasonably prompt fashion. Settlement approved by Court in June, 2004.

<u>NAACP v. Housing Authority of the City and Town of Milford</u>, Civ No. 396 cv 0118 (DConn 1995)(AHN). Co-Counsel in challenge, under the federal Fair Housing Act and Constitution, to City and Housing Authority's actions to rescind participation in a scattered site public housing program for which funding had been approved by HUD as a result of subsequent public opposition to the acquisition of such housing. Settlement Agreement approved by Court, October, 1998.

<u>Christian Community Action v. Kemp</u>, United States District Court Civ. No. 391cv00296 (DConn 1991)(AVC). Co-Counsel in class action challenge, under federal Fair Housing Act and Civil Rights Act of 1974 and Constitution, to location of public housing units in racially impacted areas of the City of New Haven. Settlement Agreement with HUD and Housing Authority approved by district court July 7, 1995. Subsequent Settlement Agreement with City approved by district court July, 1999.

Ladd v. Thomas, 962 F.Supp. 284 (DConn 1997).  Co-counsel in class action challenge to procedural protections provided by State Department of Social Services to Medicaid recipients seeking Medicaid payment for durable medical equipment.

Ballou v. HUD, United States District Court N90-650 (TFGD).  Counsel in class action challenge to HUD approval of rent increase for subsidized housing as violating procedural rights secured to tenants by federal law.

Riverside Tenants Association v. Kemp, United States District Court CV N89-545(WWE).  Co-counsel in challenge to HUD authorization for public housing authorities to dispense with federally-mandated grievance procedures prior to commencement of summary process action as violating federal law and the federal constitution.

Stevenson v. Ansonia Housing Authority, United States District Court No. N86-6 (EBB). Co-Counsel in class action challenge to local housing authority's failure to properly apply federal law pertaining to grievance procedures and rent calculations.  Settlement Agreement approved by district court.

John Blue v. New Haven Board of Education, United States District Court, District of Connecticut, Civ. No. 81-41(EBB); Dow v. Green (related case).  Representation of special education student and parent challenging exclusion from school and change in educational placement for noneducational reasons.  Injunctive relief for the plaintiff student.

Henry v. New Haven Housing Authority, United States District Court, District of Connecticut, Civ. No. N-87-241(REZ). Co-Counsel in class action challenge to lease termination policies of New Haven Housing Authority. Settlement Agreement approved by the district court.

Nichols v. Planning and Zoning Commission, 667 F.Supp 72 (DConn 1987). Challenge to zoning ordinance applied to prohibit prayer meetings in an individual's home.

Foss v. Lopes, United States District Court for the District of Connecticut, H86-400. Class action challenge to overcrowded conditions and medical treatment of prisoners at the Montville Community Corrections Center.

Langston v. Calhoun Gardens Ltd., United States District Court for the Northern District of Georgia. Class action challenge to racial discrimination in the admission of persons to a federally-funded housing project.

Collette v. Housing Authority, United States District Court for the Northern District of Georgia. Challenge to admission procedures of federally subsidized public housing project.

Federal Court of Appeals:

DeSario v. Thomas 139 F.3d 80 (2d Cir. 1997) cert granted, judgment vacated sub nom. Slekis v. Thomas 525 U.S. 1098 (1999). Co-counsel in class action challenge to state practices with respect to the payment of durable medical equipment under the Medicaid program. Work on case at both federal district court level and before Second Circuit.

Kostok v. Thomas 105 F.3d 65 (2d Cir. 1997). Challenge to state practices with respect to Medicaid payment for motorized wheelchairs for persons living in nursing families. Appeal from dismissal by district court on Eleventh Amendment grounds. On appeal, dismissal reversed. Work on appeal.

Hillburn v. Heintz, 795 F.2d 252 (2d Cir. 1986) cert den. Heintz v. Hillburn 479 U.S. 1046. Co-counsel in class action challenge State's failure to ensure the provision of necessary medical equipment and services to severely disabled residents of state nursing homes. Work on case at both federal district court level and before Second Circuit.

Mont v. Heintz, 849 F.2d 704 (2d Cir. 1988). Appeal from dismissal of case on Eleventh Amendment grounds. On appeal, dismissal reversed with Court of Appeals holding that a § 1983 lawsuit alleging violation of federal law by state's failure to use its true standard of need in calculating AFDC eligibility was a claim for prospective relief and was not barred by Eleventh Amendment. Work on appeal.

Wilkinson v. Forst, 832 F.2d 1330 (2d Cir. 1987) cert den. sub nom. Kelly v. Wilkinson, 485 U.S. 1034 (1988). Challenge to the practice of stopping and searching persons attending political rallies. Practices held to be violative of the Fourth Amendment. Work at both federal district court level and before Second Circuit.

McGill v. Harris, 615 F.2d 365 (5th Cir. 1980). Appeal to Fifth Circuit Court of Appeals regarding denial of Social Security benefits. Work on appellate brief.

Connecticut Supreme and Appellate Court:

> Hilton v. City of New Haven, 233 Conn. 701 (1995). Co-Counsel in class action challenge to closure of emergency housing by City as violating right to shelter secured to class members by the Connecticut constitution.

> State v. Harris, 230 Conn. 34 (1994). Criminal appeal on issue of improper jury deliberations.

> In Re Baby Girl B., 224 Conn. 263 (1992). Defense of state appeal of trial court decision to reopen termination of parental rights as being untimely. Connecticut Supreme Court held that state had waived its timeliness claim and that no grounds were established for termination of parental rights.

> Connelly v. Housing Authority, 213 Conn. 263 (1992). Challenge to the applicability of the Connecticut Unfair Trade Practices Act to municipal housing authority's failure to properly maintain rental units.

> Campbell v. Board of Education, 193 Conn. 93 (1984). Class action challenge to school board policy of automatically reducing grades and denying course credit to students absent from school.

> Gaines v. Manson, 194 Conn. 510 (1984). Habeas corpus action challenging delays of criminal appeals in state appellate courts as unconstitutional.

State Court Class Actions:

> Richardson v. Iovieno, J.D. of New Haven Housing Session. Co-Counsel representation of class of single women, many elderly and disabled, challenging

violations of the Common Interest Ownership Act (CIOA) Conn. Gen. Stat. § 47-282 et. seq., in the conversion to condominiums of a building in which the women previously resided.

Deep v. Manson, Superior Court, Judicial District of Hartford/New Britain, No. 285596. Class action habeas corpus challenge to drug testing procedures used by prison officials.

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONNI RABIN, ET.AL,<br>individually and on behalf of all other persons<br>similarly situated,<br>　　　　　*Plaintiffs,*<br><br>　　vs.<br><br><br>PATRICIA WILSON-COKER, in her capacity as<br>Commissioner of the State of Connecticut<br>Department of Social Services,<br>　　　　　*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO. |

## NON-TRAVEL TIME RECORDS - SHELLEY A. WHITE

| DATE 2003 | ACTIVITY | TIME |
|---|---|---|
| 03/07 | Conversation w/ Sheldon re possible TMA case | .3 |
| 03/17 | Conversation w/ Sheldon and Joanne Gibau re possible TMA case | 1.25 |
| 03/20 | Review Sharon's complaint | .5 |
| 03/20 | Rewrite Complaint | 1.5 |
| 03/23 | Review another draft of Complaint from Sharon | .5 |
| 03/23 | Prepare comments to draft Compalint | 1.0 |
| 03/24 | Conversation w/ Sheldon re meeting of litigation team | .5 |
| 03/26 | Review due process section of TRO/PI brief | .5 |
| 03/27 | Redo Entire TRO/PI Brief | 2.5 |
| 03/27 | Review Class Brief | 1.5 |

2

| 03/27 | Prepare Motion for TRO, Motion for PI, Show Cause Order & Temp. Restrainig Order | 2.0 |
|-------|-----------------------------------------------------------------------------------|-----|
| 03/28 | Work on brief - incorporate changes from Sheldon Toubman and Joanne Gibau review | 1.5 |
| 03/28 | Meet with counsel re: final preparation of papers on the day of filing | .5 |
| 03/28 | Final review Class brief | 1.5 |
| 03/28 | Final review of documents for attachment to PI brief | .5 |
| 03/28 | Final review of original Court papers | .5 |
| 03/28 | File pleadings in District Court | .7 |
| 03/28 | Phone conference w/Judge's chambers re: TRO/PI | .2 |
| 03/28 | Phone conference w/Sharon Langer re: filing | .2 |
| 03/28 | Phone conference w/chambers re: TRO/PI | .1 |
| 03/30 | Meet w/Sharon Langer, Lucy Potter, Greg Bass, Joanne Gibau re: TRO argument | 2.5 |
| 03/31 | Review TRO papers | .5 |
| 03/31 | Meet w/counsel re: TRO hearing | .3 |
| 03/31 | Hearing on TRO | 2.0 |
| 03/31 | Conference w/counsel re: follow up letter to Judge | .2 |
| 04/01 | Review TRO | .5 |
| 04/01 | Conference call w/counsel re: TRO and PI hearing | 1.0 |
| 04/01 | Phone conference w/Sharon Langer re: possible contempt motion | .5 |
| 04/01 | Legal research re: fair hearing requirements | .8 |
| 04/02 | Conference w/Sheldon Toubman re: reinstatement of plaintiffs | .3 |

3

| 04/02 | Conference w/Sharon Langer, Sheldon Toubman re: reinstatement of Plaintiffs' medicaid eligibility | .5 |
|-------|---------------------------------------------------------------------------------------------------|-----|
| 04/02 | Conference call w/Hugh Barber, Sharon Langer re: reinstatement | .4 |
| 04/02 | Phone conference w/Sharon Langer re: status reinstatement and defendants' request for extension of time to respond to Court's Questions | .3 |
| 04/02 | Legal research re: private right of action | .4 |
| 04/03 | Phone conference w/Sharon Langer re: schedule w/Court | .2 |
| 04/03 | Review e-mail Sharon Langer re: conference she had w/Hugh Barber and Judge | .2 |
| 04/03 | Conference call w/Sharon Langer and Lucy Potter, Joanne Gibau, Sheldon Toubman re: litigation strategy | 1.0 |
| 04/04 | Phone conference w/Sharon Langer re: PI hearing | .3 |
| 04/07 | Phone conference to Sharon Langer re: reinstatement of class members | .1 |
| 04/07 | Work on answer to Question 5 of Judge's Order | 3.0 |
| 04/07 | Review reinstatement notice w/Joanne Gibau | .5 |
| 04/08 | Conference call w/counsel re: litigation strategy | .8 |
| 04/09 | Review 1st draft of answers to questions 1 and 2 (TMA) | 2.0 |
| 04/10 | Phone conference w/Lucy Potter re: TMA section of brief (Q 1&2) | .9 |
| 04/10 | Phone conference w/Sharon re: defendant filing of Motion for Summary Judgment | .5 |
| 04/10 | Redo brief re: TMA (Q 1&2) | 1.0 |
| 04/13 | Work on Q 1&2 rewrite of brief | 1.5 |
| 04/14 | Work on TMA brief | 1.5 |

4

| 04/16 | Review defendants M/Summary Judgment | 1.5 |
|-------|--------------------------------------|-----|
| 04/17 | Conference call w/counsel re: Defendant's M/SUMMARY JUDGMENT, and Plaintiff's M/PI and discovery | 1.0 |
| 04/17 | Review defendants Motion for Summary Judgment | .5 |
| 04/18 | Analyze defendants M/SUMMARY JUDGMENT re: section 1931 | 1.0 |
| 04/18 | Analyze enforceability argument | .5 |
| 04/22 | Review Defendants' class opposition brief | .7 |
| 04/22 | Phone conference w/Lucy Potter re: TMA argument | .5 |
| 04/22 | Phone conference w/Lucy Potter re: intervenor | .3 |
| 04/23 | Work on class brief reply | .6 |
| 04/23 | Conference w/Sheldon Toubman re: TMA argument | .5 |
| 04/24 | Review termination notice and prepare memo to counsel | 1.25 |
| 04/27 | Work on Reply to def's Opposition to Class Motion | 1.25 |
| 04/27 | Work on Deposition Questions | 1.5 |
| 04/27 | Prepare letter to Tanya re: notices to class | 1.25 |
| 04/28 | Review letter Tanya re: notices | .3 |
| 04/28 | Conference call w/Sharon Langer, Lucy Potter, Sheldon Toubman and Joanne Gibau re: letter to Tanya re: notices | .7 |
| 04/28 | E-mails re: letter to Tanya and revise drafts | .7 |
| 04/28 | Review Gonzaga part of brief | .5 |
| 04/28 | Work on Reply to def's Opposition to Class Motion | 1.0 |

5

| 04/29 | Meet w/Lucy Potter, Sharon Langer, Greg Bass re: Depositions | 2.5 |
|-------|------|------|
| 04/29 | Final review of letter to Tanya re: notices | .3 |
| 04/29 | Phone conference w/Lucy Potter re: deposition | .3 |
| 04/29 | Finalize changes in Class Reply Brief | .3 |
| 04/30 | Prepare for Loveland deposition | 1.5 |
| 04/30 | Review TMA section of brief | .5 |
| 05/01 | Review DSS documents pre-deposition | 1.0 |
| 05/01 | Deposition Kevin Loveland | 6.0 |
| 05/01 | Conference call w/Sheldon Toubman and Joanne Gibau re: depositions | .5 |
| 05/01 | Lunch meeting re: Loveland deposition | .4 |
| 05/01 | Review brief of State re: SUMMARY JUDGMENT (II) | 1.0 |
| 05/02 | Deposition Cuyler Massicote (assist Sharon) | 3.5 |
| 05/02 | Meet w/Sharon Langer post deposition re: case (PI hearing) | 1.0 |
| 05/02 | Meet w/Lucy Potter, Sharon Langer re: depositions of Kevin and Cuyler | .5 |
| 05/03 | Work on Questions for K. Loveland at PI hearing | 4.5 |
| 05/04 | Meet w/Lucy Potter, Sharon Langer and Greg Bass re: PI hearing | 5.0 |
| 05/04 | Work on questions for Loveland | .7 |
| 05/05 | Work questions for Kevin Loveland | 2.5 |
| 05/05 | Phone conference w/Sharon Langer re: Tanya requests for stipulations | .3 |
| 05/05 | Phone conference w/Sharon Langer, Lucy Potter re: Def's Objection to Intervention | .5 |
| 05/05 | Legal research re: intervention and mootness | .4 |
| 05/05 | Legal research re: posting of Bond | .5 |

6

| 05/06 | Prepare for hearing at GHLA | 1.0 |
|-------|------------------------------|-----|
| 05/06 | PI Hearing 9:30-12:45; 1:30-5:25 | 6.75 |
| 05/06 | Lunch prep. for afternoon sessions | .5 |
| 05/07 | Prepare reply to def's Intervenor opposition | 2.5 |
| 05/16 | Phone conference w/Sharon Langer re: phone conference w/Tanya and Court | .3 |
| 05/16 | Phone conference w/Sharon Langer re: later phone conference w/Tanya | .2 |
| 05/19 | E-mails w/Sharon Langer re: conference call w/Judge | .3 |
| 05/30 | Review Court decision | .8 |
| 05/30 | E-mails w/counsel re decision and possible appeal | .3 |
| 06/02 | Conference call w/counsel and Jane Perkins re: possible appeal | .2 |
| 06/02 | Conference call w/counsel re: possible appeal of PI decision | .4 |
| 06/03 | Phone conference w/Sharon Langer re: possible appeal | .2 |
| 06/04 | Phone conference w/Greg re: possible appeal | 1.25 |
| 06/04 | Conference call w/Sharon Langer and Sheldon Toubman re: appeal | .5 |
| 06/04 | Work on brief for injunction pending appeal | 3.5 |
| 06/04 | Legal research re: FRAP 8 | .5 |
| 06/04 | Legal research re: statutory construction | 1.0 |
| 06/05 | Work on motion for injunction pending appeal | 4.5 |
| 06/05 | Prepare Rule 62(c) motion | .5 |
| 06/05 | Prepare Notice Appeal | .3 |
| 06/06 | Work on Brief re: Injunction | 3.5 |
| 06/06 | Phone conference w/Sharon Langer re: Rule 62(c) brief | .3 |

7

| 06/08 | Cite check for Rule 62(c) brief | 1.5 |
| 06/08 | Make final corrections for Rule 62(c) Brief | 2.5 |
| 06/09 | Finalize 62(c) brief and attachments | 1.5 |
| 06/09 | File Notice of Appeal in the District Court | .4 |
| 06/09 | Deliver copies of NOA and Rule 62 papersto AG office | .2 |
| 06/10 | Review e-mails re: 2nd Circuit FRAP 8 brief | .3 |
| 06/10 | Phone conference w/Sharon Langer re: FRAP 8 brief | .2 |
| 06/10 | Make changes in FRAP 8 brief | .8 |
| 06/10 | Preparation for conference call w/Judge (arg re: 62(c) motion) | .5 |
| 06/10 | Conference call w/Judge re: 62(c) motion | 1.25 |
| 06/10 | Conference w/Lucy Potter and Sharon Langer re: decision denying Rule 62(c) motion | .5 |
| 06/10 | Revise 2nd Circuit FRAP 8 brief | 2.5 |
| 06/11 | Arrange for copying of brief and attachments | .5 |
| 06/11 | Finalize FRAP 8 motion and exhibits | 1.5 |
| 06/11 | Prepare motion cover sheet | .5 |
| 06/11 | Arrange for copying | .5 |
| 06/16 | E-mail w/Sharon Langer re: defendant brief | .1 |
| 06/17 | Phone conference w/Second Circuit re: Complaint | .1 |
| 06/17 | Arrange to fax papers to Second Circuit | .2 |
| 06/18 | Arrange for documents to be sent to Second Circuit | .4 |
| 06/18 | Prepare letter to Clerk re: documents | .1 |
| 06/18 | Prepare forms L & D | .3 |
| 06/18 | Phone conference w/Sharon Langer re: CAMP | .2 |

8

| 06/19 | Review State brief in opposition to FRAP 8 injunction | 1.25 |
|-------|--------------------------------------------------------|------|
| 06/19 | Phone conference w/Sharon Langer re: State brief | .5 |
| 06/20 | Work on 2nd Circuit Argument re: Injunction | 3.5 |
| 06/20 | Legal research re: class issue | 1.5 |
| 06/21 | Work on Argument 2nd Circuit w/Sharon Langer | 2.5 |
| 06/23 | Work on Argument re: injunction | 1.0 |
| 06/23 | Meet w/team re: FRAP 8 Argument | 2.5 |
| 06/23 | Arrange overnight New York City | .5 |
| 06/23 | Work on Argument re: injunction | 2.5 |
| 06/24 | Work on Argument re: injunction | 1.0 |
| 06/24 | Argument (include pre-argument) | 1.75 |
| 06/25 | Work Index to Record | .5 |
| 06/27 | Review 2nd Circuit Order granting Injunction | .1 |
| 06/27 | Phone conference w/Clerk re: Order | .1 |
| 06/27 | Phone conference w/Sharon Langer re: Order | .2 |
| 06/27 | Phone conference w/Hugh Barber re: Order | .2 |
| 06/27 | Review Rules 28 and 32 re: briefs | .8 |
| 06/28 | Work on appeal brief | 3.0 |
| 06/29 | Work on appeal brief | 5.0 |
| 06/30 | Prepare Appendix to brief (draft) | 1.0 |
| 06/30 | E-mail proposed Appendix to Hugh Barber | .2 |
| 06/30 | Legal research re: Sunset issue | .3 |
| 06/30 | Work on Issue Statement | .5 |
| 06/30 | Phone conference w/Sharon Langer re: Appendix | .5 |
| 07/01 | Phone conference w/Sharon Langer re: brief | .3 |
| 07/01 | E-mails re: reinstatement of clients | .4 |

9

| 07/01 | Review Phillips Brief | .8 |
|-------|----------------------|----|
| 07/01 | Work on Appendix | 1.25 |
| 07/02 | Meet w/Sharon Langer to prepare Appendix and discuss draft of brief | 3.5 |
| 07/02 | Continue work on Appendix, phone conference to 2nd Circuit re: Appendix | .2 |
| 07/02 | Phone conference to 2nd Circuit re: Appendix | .1 |
| 07/02 | Work on Index to Addendum | .6 |
| 07/02 | Gather documents for Addendum | .7 |
| 07/02 | Work on Brief | 1.5 |
| 07/03 | Work on Addendum to Brief | 1.25 |
| 07/03 | Work on Brief | 2.5 |
| 07/04 | Work on Brief | 3.0 |
| 07/07 | Work on Brief | 3.5 |
| 07/07 | Work on Index to Appendix | .7 |
| 07/07 | Work on Index to Exhibits | .6 |
| 07/07 | Work on Addendum Index | .4 |
| 07/07 | Review comments to Brief by Sheldon Toubman | .8 |
| 07/07 | Review comments to Brief by Greg Bass | 1.25 |
| 07/08 | Prepare final draft of brief | 1.5 |
| 07/08 | Assist w/Table of Contents and Authorities | 1.5 |
| 07/08 | Deliver Brief and Appendix to Kinko's w/instructions | .7 |
| 07/09 | Phone conferences to Kinko, arrange pick up and federal express | 1.5 |
| 07/09 | E-mail to Hugh Barber (brief) | .2 |
| 07/11 | Phone conference w/Sharon Langer re: letter from 2nd Circuit Index to Record | .2 |
| 07/11 | Phone conference w/District Court Clerk's office re: above | .2 |
| 07/11 | Conference w/Carol re: Index to Record | .2 |

10

| 07/11 | Go to federal court to review sample Index | .5 |
| 07/11 | Conference w/Carol re: Index to Record | .2 |
| 07/11 | Review Index to Record | .2 |
| 07/11 | E-mail Sharon Langer re: Index | .1 |
| 07/11 | Phone conference w/Louis at 2nd Circuit re: Appendix is missing | .2 |
| 07/14 | Review Kai decision | .5 |
| 07/15 | Phone conference w/Clerk re: missing Appendix | .4 |
| 07/15 | Phone conference w/mail room re: missing Appendix | .3 |
| 07/16 | More phone conferences w/2nd Circuit re: missing Appendix | 1.0 |
| 07/20 | Work on outline of reply brief based on State's injunction brief | 3.5 |
| 07/21 | Work on Reply Brief - Kai(b)(1)(2) argument | 1.5 |
| 07/23 | Review State Brief | 1.5 |
| 07/23 | Legal research re: cases cited in Defendant's brief | 1.0 |
| 07/24 | Work on Reply Brief | 2.5 |
| 07/24 | Meet w/counsel re: State Brief and response thereto | 2.0 |
| 07/25 | Work on reply brief (incorporating reviews by Steve Hitov) | 3.5 |
| 07/28 | Work on final of reply brief - conference w/Sharon Langer re: brief | .5 |
| 07/28 | Preparation of and edit of reply brief | 1.5 |
| 07/28 | Review Gonzaga and enforcement cases | 1.0 |
| 07/29 | Arrange and mail brief - pick up from Kinko's | .5 |
| 07/29 | Prepare for oral argument | 1.5 |
| 07/31 | Meet w/Sharon Langer re: Argument | 2.0 |

11

| 07/31 | Prepare Oral Argument | 1.5 |
|-------|----------------------|-----|
| 07/31 | Review materials for Argument | 1.0 |
| 08/01 | Moot of Argument | 3.0 |
| 08/03 | Prepare for Argument | 1.0 |
| 08/04 | Preparation for Argument | 1.0 |
| 08/04 | Argument of appeal to the Second Circuit | .5 |
| 08/28 | E-mails w/Hitov re: relief | .3 |
| 10/08 | Review MAC v. Burit case and e-mail counsel | .5 |
| **2004** | | .0 |
| 01/28 | Work on Motion to Dissolve opposition | 1.5 |
| 01/28 | Phone conference w/Steve Hitov re: Motion to Dissolve opposition | .5 |
| 01/29 | Conference w/Joanne Gibau re: time records | .2 |
| 02/02 | Finalize and mail opposition to Motion to Dissolve brief | .2 |
| 02/02 | Preparation of letter to 2nd Circuit | .1 |
| 02/02 | Phone conference w/Sharon Langer re: brief in opposition to Motion to Dissolve. | .1 |
| 02/02 | Review time records | .5 |
| 03/24 | Review decision of the Second Circuit | .6 |
| | | 235.2 |
| | | |
| | | |
| | | |

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

RONNI RABIN, ET.AL,
individually and on behalf of all other persons )
similarly situated, )
      *Plaintiffs,* )    CIVIL ACTION NO.
 )
     vs. )
 )
 )
 )
PATRICIA WILSON-COKER, in her capacity as )
Commissioner of the State of Connecticut )
Department of Social Services, )
      *Defendant* )
 )

## SUPPLEMENTAL TIME RECORDS

| DATE 2004 | ACTIVITY | TIME |
|---|---|---|
| 09/08 | Phone conference w/Sharon Langer re: time records · | .1 |
| 09/08 | Preparation of list of expenses | .8 |
| 09/14 | Preparation of letter to Hugh Barber re: settlement of fees | .8 |
| 09/14 | Email to counsel (re: above) | .2 |
| 09/16 | Finalize letter to Hugh Barber re: fees | .3 |
| 09/16 | Review mandate from Second Circuit | .3 |
| 09/21 | Preparation of letter to Hugh Barber re: attorneys fees records | .5 |
| 09/21 | Email w/counsel re: letter | .2 |
| 10/08 | Email w/Hugh Barber re: settlement of fees | .2 |
| 10/08 | Email w/Greg Bass re: filing petition | .2 |
| 10/09 | Preparation of fee petition | 1.0 |

2

| 10/09 | Preparation of memo in support of fee petition | 1.5 |
|-------|-----------------------------------------------|-----|
| 10/13 | Make corrections in brief per Greg Bass' comments | .5 |
| 10/13 | Work on attached exhibits to fee petition | .3 |
| 10/13 | Phone conference w/Greg Bass re: fee petition | .2 |
| 12/01 | Read email from Hugh Barber re: fee petition | .2 |
| 12/01 | Forward to counsel w/note | .1 |
| 12/01 | Email correp w/co-counsel re: response to Hugh Barber's email | .2 |
| 12/01 | Preparation of letter to Hugh Barber re: email | .7 |
| 12/01 | Forward letter to counsel for review | .1 |
| 12/02 | Finalize letter to Hugh Barber per comments cocounsel | .3 |
| 12/03 | Phone conference w/Hugh Barber re: yesterday's letter | .3 |
| 12/03 | Email to counsel re: affidavit and phone conference w/Hugh Barber | .2 |
| 12/06 | Review Defendant's Brief in Opposition | 1.1 |
| 12/06 | Email Hugh Barber re: copies of cited cases | .1 |
| 12/06 | Legal research re: Hensley downward adjustment | .8 |
| 12/06 | Legal research re: multiple attorneys | .7 |
| 12/06 | Preparation of outline of Response Brief | .5 |
| 12/07 | Prepare Affidavit for Sheldon Toubman | .3 |
| 12/07 | Prepare Affidavit for Margaret Mason | .2 |
| 12/07 | Emails w/counsel re: Affidavits | .2 |
| 12/07 | Review Otero and DeLeon decisions | .4 |
| 12/07 | Prepare draft of Intro to Reply | .7 |

3

| 12/07 | Phone conversation with Margaret Mason re: Affidavit | .2 |
|-------|------------------------------------------------------|------|
| 12/08 | Work Reply Brief Hensley section | .8 |
| 12/12 | Revise Hensley section of Brief | .5 |
| 12/13 | Legal research re: varying U.S. uniform rates | .5 |
| 12/13 | Write section Brief re: rates | .5 |
| 12/15 | Work on hourly rate § of Brief | 1.2 |
| 12/16 | Revise Sheldon's hours | .3 |
| 12/16 | Finalize Sheldon's Affidavit | .2 |
| 12/16 | Finalize Sharon's Affidavit | .2 |
| 12/16 | Revise 1st draft Brief | 1.5 |
| 12/17 | Legal research re: work for "consultation" | .7 |
| 12/17 | Email Greg Bass re: his comments on Brief | .3 |
| 12/19 | Work on Brief (Write Section IV, Finish Section I, Revise overall) | 3.0 |
| 12/21 | Review Shelley Time Records | .3 |
| 12/21 | Email Lucy Potter re: Affidavit | .1 |
| 12/22 | Proof and cite check Brief | 1.0 |
| 12/23 | Continue to proof and cite check Brief | .5 |
| | | 26.0 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

RONNI RABIN, ET.AL,
individually and on behalf of all other persons )
similarly situated, )
        *Plaintiffs,* )    CIVIL ACTION NO.
)
vs. )
)
)
)
PATRICIA WILSON-COKER, in her capacity as )
Commissioner of the State of Connecticut )
Department of Social Services, )
        *Defendant* )
)

## TIME RECORDS - TRAVEL - SHELLEY A. WHITE

| DATE 2003 | ACTIVITY | TIME |
|---|---|---|
| 03/30 | Travel to Hartford for meeting w/counsel re: TRO Argument | .5 |
| 03/30 | Travel to Southington | .5 |
| 03/31 | Travel to Hartford for TRO hearing | .6 |
| 03/31 | Travel to New Haven | 1.0 |
| 04/29 | Travel to New Britain for meeting w/counsel | .5 |
| 04/29 | Travel to New Haven | .7 |
| 05/01 | Travel to Hartford for Deposition Kevin Loveland | .7 |
| 05/02 | Travel to Hartford for Deposition Cuyler Massicotte | .5 |
| 05/02 | Travel from Hartford | .5 |
| 05/06 | Travel to Hartford for meeting w/counsel | .7 |
| 05/06 | Travel to Court for PI hearing | .3 |
| 06/09 | Travel to Hartford to Rule 62 motion | .5 |

2

| | | |
|---|---|---|
| 06/09 | Travel to Court to file Rule 62 motion | .2 |
| 06/09 | Travel to New Haven | 1.0 |
| 06/10 | Travel to CLS New Britain for conference call w/Court (hearing on Rule 62(c) motion | .7 |
| 06/21 | Travel to CLS New Britain to meet w/Sharon | .5 |
| 06/21 | Travel to Southington | .5 |
| 06/23 | Travel to New Britain to meet w/counsel | .5 |
| 06/23 | Travel to Southington | .5 |
| 06/23 | Travel to New York City | 2.0 |
| 06/24 | Walk to Court for FRAP 8 Argument | .5 |
| 06/24 | Travel to New Haven from New York City | 2.0 |
| 07/02 | Travel to CLS New Britain to meet w/counsel | .5 |
| 07/02 | Travel to New Haven | .8 |
| 07/24 | Travel to Hartford to meet w/counsel | 1.0 |
| 07/31 | Travel to New Britain to meet w/Sharon | .8 |
| 08/03 | Travel to New York City for Argument | 2.0 |
| 08/04 | Travel to Argument | .5 |
| 08/05 | Travel to New Haven from New York City | 2.0 |
| | | 23 |
| | | |
| | | |
| | 2003 TRAVEL EXPENSES, COPYING | |
| 04/29 05/01 05/02 05/06 | Travel to and from New Britain; (44) Travel to and from Hartford;   (39) Travel to and from Hartford;   (39) Travel to and from Hartford    (42) | 59.04 |
| 06/21 | Travel to New Britain and return(19) | 6.84 |
| 06/23 | Travel to and from New York; and hotel expenses | 210.00 |
| 07/02 | Travel to and from New Britain | 15.84 |

3

| 07/31 | Travel to and from New Britain | 15.84 |
|---|---|---|
| 08/03-05 | Travel to and from New York; and hotel expenses | 160.35 |
| | | 467.91 |
| | | |
| | | |
| | | |
| | | |
| | | |

DEC 2 2 2004

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RONNI RABIN, et. al.

CIVIL ACTION NO.3:03
CV555 (RNC)

     Plaintiffs,

VS.

PATRICIA WILSON-COKER,
Commissioner of the Connecticut
Department of Social Services,
in her official capacity

DECEMBER 17, 2004

     Defendant.

### AFFIDAVIT OF SHARON D. LANGER

Sharon D. Langer, an attorney duly admitted to practice law in the State of

Connecticut and before this Court, hereby affirms subject to the penalties of perjury as

follows:

1. I am co-counsel for the named plaintiffs and plaintiff class in the above-

entitled case. I submit this affidavit in support of plaintiff's motion for an award of

attorney's fees in connection with the above-entitled matter.

2. Prior to November 1, 2004, I was an attorney at Connecticut Legal Services,

Inc. (CLS). I am currently on a leave of absence from Connecticut Legal Services, Inc.

and am employed as a Senior Policy Fellow at Connecticut Voices for Children, a non-

profit organization involved in research, policy analysis, and advocacy related to the

betterment of children and families.

3. I graduated with honors from the University of Connecticut School of Law

School, West Hartford, Connecticut, in May, 1984. I was admitted to practice in

## *EXHIBIT C*

Connecticut in 1984. I was employed by CLS on December 19, 1984 and worked continuously at CLS until my current leave of absence.

4. During the last twenty years I have represented low income clients before administrative agencies and in federal and state courts in the area of benefits, special education, family law, unemployment, and employment law matters.

5. I served on the Employment Security Advisory Board which advises the Commissioner of the state Department of Labor about unemployment compensation matters from 1999 to 2004. I have also been involved in extensive administrative and legislative lobbying on behalf of low-income clients.

6. Attached hereto is a list of the federal class action litigation in which I have participated since 1984.

7. The time records attached hereto are taken from contemporaneous time records maintained on a daily basis and are available for inspection upon request. The time I expended on this action was 182.85 hours of non-travel time and 17.4 hours of travel time.

8. CLS is billing my time at **$250 per hour for 183.05 hours of legal work and $125 per hour for 17.4 hours or travel time in connection with** this fee petition under appropriate fee shifting statutes, which, upon information and belief, is well within the prevailing rate for attorneys of my education and experience. CLS seeks **$ 45,762.50 for legal work and $2,175.00 for travel time for a total of $ 47,937.50** for the work I performed in connection with this case.

9.  With respect to the time records submitted in support of this motion, it is

CLS's practice to keep time in 6 minute intervals, with .1 representing 6 minutes of work,

.2 representing 12 minutes, etc.

WHEREFORE, I respectfully request that this Court grant this motion.

_____

Sharon D. Langer

## LIST OF SIGNIFICANT CASES

Federal Cases:

Raymond, et al. v. Rowland, et al. 3:03cv0118 (MRK) (co-counsel) **(Class action suit challenging the closing of DSS offices and the lack of accommodations to disabled clients.  Ongoing litigation although I am no longer counsel in the matter).**

Alvarez, et al. v. Aronson, et al., CV No. B-90-190 (WWE) (co-counsel)  **(Class action suit challenging delays in providing AFDC, Medicaid, and Food Stamp benefits to families and individuals.  Case settled.)**

Rehnberg, et al. v. Rowe, et al.,, CV No. H-90-440 (EBB)  (co-counsel) **(Class action suit challenging the lack of adequate written notice to families and individuals concerning AFDC, Medicaid, and Food Stamp benefit determinations.  Case settled.)**

Caruso, et al. v. Sullivan et al., CV No. H-89-445 (PCD)  (lead counsel) **(Class action suit challenging the improper application of AFDC income deeming rules to the Medicaid program.  Case settled.)**

Sharon D. Langer

## Rabin v. Wilson-Coker

**Time calculated in 6 minute intervals (1/10 hours):**

| <u>DATE</u> | <u>TIME</u> | <u>ACTIVITY</u> |
|------|------|----------|
| **2003** | | |
| 3/8 | 1.5 | Meeting with Lucy Potter to review CMS Report, Medicaid State Plan |
| 3/11 | 4.0 | Researched State's Requirement under Federal Law to provide Medicaid Extension |
| 3/11 | 3.0 | Drafted demand letter to Commissioner of DSS and AGO |
| 3/11 | .7 | Phone Call with Lucy Potter regarding demand letter |
| 3/11 | .2 | Email to Cindy Mann, Georgetown Univ., about TMA reference in 1931 Statute |
| 3/12 | .5 | Finalize demand letter to Commissioner of DSS and AGO |
| 3/14 | .1 | Email to Greg Bass regarding potential plaintiff notice |
| 3/14 | .2 | Phone Call with Lucy Potter regarding plaintiff notice |
| 3/19 | .4 | Email to and from litigation team and Steve Hitov, NHelp re: Markva decision |
| 3/19 | .5 | Email Greg Bass, Lucy Potter, Sheldon Toubman regarding drafting complaint (enforceability, due process claim) |
| 3/19 | .1 | Email Greg Bass, Sheldon Toubman regarding aid pending issue |
| 3/19 | 4.0 | Draft Complaint |
| 3/20 | .1 | Email regarding draft complaint Greg Bass, Lucy Potter, Sheldon Toubman |
| 3/20 | .3 | Reviewed Shelley White's proposed revisions to draft complaint |

| 3/20 | .2 | Email - Shelley White, Greg Bass, Lucy Potter re mtg about filing brief, motions, adding in ex parte review issues |
| 3/21 | .1 | Email Shelley, Greg Bass, Lucy Potter regarding AGO positions of client rights to aid pending, hearings, ex parte review of elig. |
| 3/22 | .4 | Phone Call with AAGs Hugh Barber and Tanya Feliciano regarding potential class action suit |
| 3/23 | 3.5 | Edited complaint with Lucy Potter |
| 3/24 | 2.2 | Litigation Team meeting at my office to discuss drafted complaint, PI, and class certification motion |
| 3/24 | .5 | Wrote summary of litigation team meeting and sent via email to team |
| 3/25 | 1.5 | Met with potential plaintiff Ron Heath and drafted affidavit for him to sign |
| 3/25 | .1 | Email to Steven Kilpatrick about potential class member |
| 3/25 | .2 | Email to Greg Bass, Shelley White, Sheldon Toubman, Lucy Potter regarding complaint, ex parte review claim, due process |
| 3/25 | .1 | Reviewed Joanne Gibau's client affidavit |
| 3/25 | .1 | Reviewed Greg Bass's edits of revised complaint |
| 3/25 | .2 | Email to Greg Bass, Shelley White, Joanne Gibau, Sheldon Toubman, Lucy Potter regarding DSS response to demand letter |
| 3/25 | 3.0 | Revisions to Draft complaint, affidavits |
| 3/25 | .2 | Emails Greg, Joanne, Lucy regarding hearing forms |
| 3/26 | 5.0 | Revised complaint with Lucy Potter, emailed litigation team latest draft, and gave feedback regarding class memo, class brief, plaintiff affidavits |
| 3/26 | .1 | Emailed Steven Kilpatrick about potential class member |
| 3/27 | .1 | Email Gregg Bass regarding filing complaint |
| 3/27 | .1 | Email Joanne Gibau, Gregg Bass, Lucy Potter regarding named plaintiffs |

Sharon D. Langer
Rabin Time Records                    2

| | | |
|---|---|---|
| 3/27 | 2.0 | Inserted class members into complaint and PI memo |
| 3/28 | 1.0 | Phone call and emails with Steve Hitov and litigation team about 1931 statute, complaint, ex parte review, due process claim, plaintiffs and coverage categories |
| 3/28 | 2.5 | Met with Shelley White, Lucy Potter, Joanne Gibau before filing complaint. Reviewed pleadings, signed pleadings, discussed next steps. |
| 3/28 | .2 | Phone call with Judge Chatigny's clerk, Hillel Levin about scheduling TRO on 3/31 |
| 3/28 | .4 | Emails and phone calls with Lucy Potter, Shelley White, Joanne Gibau, Greg Bass to let them know that TRO hearing before Judge Chatigny is scheduled for 3/31 |
| 3/30 | 2.5 | Met with litigation team (Lucy Potter, Shelley White, Joanne Gibau, Greg Bass) to prepare for TRO hearing next day |
| 3/30 | 1.0 | Reviewed arguments for TRO hearing |
| 3/31 | 1.0 | Met with Lucy Potter to discuss TRO hearing and issue of TMA sunset provision |
| 3/31 | .2 | Email Steve Hitov regarding sunset provision |
| 3/31 | .1 | Email to Lucy Potter, Shelley White, Greg Bass, Joanne Gibau regarding TRO hearing |
| 3/31 | .5 | Conference call with Judge Chatigny and AAG Richard Lynch. Judge explained issuance of TRO. |
| 3/31 | .5 | Emails and phone calls to litigation team and named plaintffs about issuance of TRO |
| 4/1 | .2 | Emails Shelley White, Lucy Potter, Greg Bass regarding notes from TRO hearing |
| 4/1 | .5 | Wrote up notes of hearing |
| 4/1 | .2 | Reviewed written TRO order |

Sharon D. Langer
Rabin Time Records                    3

| 4/1 | .2 | Emails to and from Lucy Potter regarding sunset provision |
| 4/1 | .2 | Emails to and from Shelley White, Sheldon Toubman regarding notice issues |
| 4/1 | 1.0 | Conference call with litigation team regarding TRO, and next steps preliminary injunction |
| 4/1 | .2 | Email to litigation team and legal services programs regarding the judge's entry of the TRO |
| 4/1 | .5 | Phone call with Shelley White re: possible contempt motion |
| 4/2 | .8 | Emails to and from litigation team regarding DSS reinstatement of putative class members' Medicaid benefits, Kai decision, and my contact with CMS regional office regarding TMA eligibility |
| 4/2 | .5 | Conference call with Shelley White and Sheldon Toubman re: mass reinstatement of Medicaid benefits |
| 4/2 | .4 | Conference call with Shelley White and Hugh Barber, AAG regarding Plaintiffs' reinstatement |
| 4/3 | .2 | Phone call with Shelley White re: Court scheduling |
| 4/3 | 1.0 | Conference call with Shelley White, Sheldon Toubman, Joanne Gibau, Lucy Potter regarding next steps in litigation (extending time to file briefs, pi hearing, addressing issues raised by defendant at TRO hearing) |
| 4/4 | 1.0 | Drafted letter to Hugh Barber, AAG regarding notices |
| 4/4 | .3 | Phone call with Shelley White re: PI hearing |
| 4/4 | .2 | Emails to and from Cindy Mann, Georgetown Univ. about interplay between Sec. 1931 and TMA |
| 4/4 | .1 | Phone call with Joanne Gibau regarding reinstatement notices |
| 4/4 | .2 | Phone calls from Tanya Feliciano, AAG and Hugh Barber re scheduling |
| 4/4 | .2 | Phone call to judge's secretary and judge's clerk regarding scheduling |

Sharon D. Langer
Rabin Time Records                                    4

| 4/7 | .1 | Phone call from Shelley White re: reinstatement of plaintiff class |
| 4/7 | .2 | Phone call with Hugh Barber re: reinstatement |
| 4/7 | .1 | Email to litigation team regarding phone call with Barber/Feliciano about reinstatement of plaintiffs |
| 4/7 | .7 | Redrafted Reinstatement notices, Wrote cover memo, and phone call with Joanne Gibau to review my suggested changes |
| 4/7 | .2 | Phone call with Lucy Potter re: TMA statutory section of brief |
| 4/8 | .1 | Email to Steve Hitov, Nhelp re: child support extension |
| 4/8 | .1 | Phone message to Hugh Barber, AAG regarding reinstatement |
| 4/8 | .5 | Email to litigation team summarizing conference call discussion earlier today |
| 4/8 | .5 | Phone call with Steve Hitov, Nhelp re: child support extension, TMA |
| 4/8 | .1 | Phone call with Lucy Potter regarding TMA (conversation with Steve Hitov) |
| 4/8 | .8 | Conference call with litigation team to discuss next steps - answering Judge Chatigny's questions posted in April 1 Order, scheduling possible depositions |
| 4/8 | .2 | Reviewed Lucy Potter's draft of TRO supplement points 1 and 2 |
| 4/8 | .3 | Researched applicability of federal child support extension to our case |
| 4/9 | .2 | Email to litigation team re: deposing DSS official |
| 4/9 | .3 | Phone call with potential CE plaintiff |
| 4/9 | .1 | Phone call with Lucy Potter re: tasks to complete today: finish answers to questions. 1 and 2 posed in Judge's TRO, add potential CE plaintiff |
| 4/9 | .2 | Phone call with class members about TRO |
| 4/9 | .6 | Reviewed, researched, edited  Lucy's latest draft of TRO supplement brief |

Sharon D. Langer
Rabin Time Records                    5

| | | |
|---|---|---|
| 4/10 | .5 | Emails back and forth with litigation team about conversations with AGO |
| 4/10 | .5 | Phone call with Lucy Potter regarding TRO supplement brief |
| 4/10 | .6 | Reviewed latest draft of Answers to Judge's TRO Questions on TMA |
| 4/10 | .5 | Phone call with Shelley White re: defendant's Motion for Summary Judgment |
| 4/13 | 2.0 | Reviewed and edited latest version of TRO supplement brief points 1 &2 |
| 4/14 | 3.5 | Lucy Potter and I made final edits to TRO supplemental brief points 1&2 |
| 4/15 | .2 | Emails to and from Shelley, Greg, and Joanne regarding depositions, scheduling conference call |
| 4/16 | .2 | Phone call with Judge's clerk; left message for Hugh Barber, AAG |
| 4/17 | .5 | Reviewed Defendant's Motion for Summary Judgement |
| 4/17 | 1.0 | Conference call with litigation team to discuss our response to defendant's motion for partial summary judgment, brief in opposition to PI, class certification, and scheduling depositions. |
| 4/17 | .2 | Emailed conference call summary and summary of phone call with AGO to litigation team |
| 4/17 | .2 | Phone call with Shelley White re: content of deposition subpoena |
| 4/21 | .1 | Phone message to Tanya Feliciano, AAG re:depositions |
| 4/21 | .1 | Emails to Steven Hitov, Lucy Potter re: TMA |
| 4/25 | 2.0 | Met with Lucy Potter to review defendant's brief and drafted outline for portion of reply brief |
| 4/25 | .5 | Met with Lucy Potter and Vicki Veltri to discuss conducting depositions in preparation for deposing state officials next week |
| 4/25 | .3 | Phone call with Lucy Potter and Steve Hitov about 1931 Medicaid (b1A provision) |

| | | |
|---|---|---|
| 4/27 | 4.0 | Drafted comments to DSS termination notices, discussion with Lucy, research and reviewed draft of reply brief sections on TMA |
| 4/28 | .7 | Conference call with litigation team to discuss reply brief, depositions. |
| 4/28 | 1.0 | Revised letter to AGO about DSS draft notices |
| 4/28 | 3.5 | Reviewed and revised Lucy Potter's draft of TMA section of Memo in Opposition to Defendant's SJ Motion; reviewed Shelley White's letter to AGO about revised notices; reviewed Joanne Gibau's draft of ex parte section of Opposition Brief; Researched federal TMA issues. |
| 4/29 | 3.0 | Met with litigation team at my office to prepare for depositions of defendant witnesses and to discuss reply brief and defendant's draft revised client notices |
| 4/29 | .2 | Emails and phone call messages to Cindy Mann at Georgetown Univ. about interplay between 1931 and TMA statutes |
| 4/29 | .1 | Phone call with Tanya Feliciano, AAG re: notices and depositions |
| 4/29 | .6 | Researched state TMA legislation |
| 4/29 | .5 | Reviewed comments from litigation team re: DSS draft termination notices. |
| 4/30 | .5 | Reviewed Class Reply Memo and made minor edits. |
| 4/30 | 4.5 | Put together 2nd Suppl. Brief, incorporating co-counsel sections, made revisions, researched DSS policies on clients' rts and responsibilities; reviewed Shelley's deposition questions, and Lucy's suggested changes to questions |
| 5/1 | 1.0 | Reviewed DSS documents prior to deposition |
| 5/1 | 6.0 | Deposition of Kevin Loveland (assist Shelley White) |
| 5/1 | .4 | Lunch meeting with co-counsel re: Loveland deposition |
| 5/2 | .5 | Met with Shelley, Lucy, and Greg prior to Cuyler Massicotte deposition; reviewed subpoenaed documents. |

Sharon D. Langer
Rabin Time Records                    7

| | | |
|---|---|---|
| 5/2 | 3.5 | Conducted deposition of Cuyler Massicotte |
| 5/2 | 1.0 | Met with Shelley White to discuss result of deposition and strategy for PI hearing, which DSS and client witnesses to call. |
| 5/3 | 3.0 | Began preparing for next week's PI hearing. Reviewed pleadings, briefs, deposition notes. |
| 5/4 | 5.0 | Met with Shelley, Lucy and Greg re: PI hearing |
| 5/5 | 4.5 | Drafted outline of oral argument on TMA, enforceability, standards of PI, and class issues; reviewed Shelley's outline, our response to SJ motion. |
| 5/5 | .3 | Emails to litigation team regarding TMA , ex parte review issues, enforceability of Medicaid statute. |
| 5/5 | 1.5 | Met with Lucy Potter to review TMA argument for PI hearing. |
| 5/5 | 1.0 | Reviewed briefs for PI hearing tomorrow. |
| 5/5 | 1.5 | Read case law on enforceability of 1983 actions. |
| 5/5 | .3 | Phone call with Shelley White re: AAG requests for stipulations |
| 5/5 | .5 | Conference call with Shelley White and Lucy Potter re: Objection to Intervention |
| 5/5 | .1 | Phone call with Judge's clerk re: amount of time hearing will likely take |
| 5/5 | .1 | Phone call with Tanya Feliciano, AAG re: PI hearing |
| 5/6 | 1.0 | Met with Lucy Potter, Shelley White, and Greg Bass in preparation for today's PI hearing.  Reviewed argument, gathered visual aides and exhibits |
| 5/6 | 6.75 | PI hearing. (9:30-12:45 and 1:30-5:25) |
| 5/6 | .5 | Lunch prepared for afternoon |
| 5/30 | .7 | Reviewed Court decision |
| 5/30 | .3 | Emails with litigation team about Court's preliminary injunction decision |

Sharon D. Langer
Rabin Time Records                     8

| | | |
|---|---|---|
| 6/2 | .4 | Conference call with litigation team about whether to appeal decision |
| 6/2 | .2 | Phone call with Jane Perkins and Shelley White re: appealing Rabin |
| 6/3 | 1.3 | Conference call with litigation team and Steve Hitov about appealing Rabin |
| 6/4 | .5 | Phone call with Shelley White about drafting Motion Pending Appeal to 2nd Circuit |
| 6/4 | .4 | Phone calls to client-class members to update them about case |
| 6/6 | 2.0 | Drafted intro section for Motion for Injunction Pending Appeal |
| 6/6 | .7 | Reviewed 3rd draft of Motion for Injunction Pending Appeal |
| 6/6 | .5 | Reviewed 4th draft of Motion for Injunction Pending Appeal, emails to and from litigation team regarding status of named plaintiffs, filing Motion following Monday |
| 6/6 | .3 | Phone call with Shelley White re PI brief |
| 6/6 | .1 | Reviewed and edited Motion for Injunction Pending Appeal |
| 6/6 | .1 | Left messages for Hugh Barber and Tanya Feliciano, AAGs asking when termination notices will go out to class members |
| 6/9 | .1 | Phone call with Judge Chatigny's secretary about setting up conference call with Judge and Attorney General's Office. |
| 6/9 | .1 | Left message for Judge Chatigny's clerk regarding Motion for PI to 2nd Circuit |
| 6/9 | .2 | Phone call with Shelley White about Injunction Motion and conference call with Judge |
| 6/9 | 1.5 | Reviewed and edited last draft of Motion for Injunction Pending Appeal to 2nd Circuit |
| 6/10 | .2 | Phone call with Steve Hitov regarding TMA argument on appeal |
| 6/10 | .5 | Met with Shelley White and Lucy Potter prior to Conference Call with |

Sharon D. Langer
Rabin Time Records                                     9

|       |      | Judge Chatigny to help prepare Shelley White for argument on 62(c) Motion |
|-------|------|--------------------------------------------------------------------------|
| 6/10  | 1.25 | Listened in on conference call with Judge Chatigny, Shelley White and Hugh Barber |
| 6/10  | .5   | Met with Lucy Potter and Shelley White to discuss denial of Rule 62(c) Motion |
| 6/11  | 1.0  | Reviewed and revised latest draft of PI brief |
| 6/11  | .2   | Phone call with Steve Hitov about status of TMA sunset provision and other citations needed for PI brief |
| 6/11  | 1.0  | Drafted affidavits of facts for 2nd Circuit PI brief |
| 6/11  | 1.0  | Researched citations for PI brief to 2nd Circuit |
| 6/11  | 2.0  | Met with Shelley White to finalize 2nd Circuit appeal papers |
| 6/11  | .1   | Left message for Hugh Barber that PI Motion to 2nd Circuit was overnighted to him |
| 6/12  | .2   | Emails to litigation team with attached final copies of PI to 2nd Circuit |
| 6/18  | .2   | Emails and phone calls with Shelley White regarding mediation election form, others forms to submit to 2nd Circuit |
| 6/18  | .1   | Phone call with 2nd Circuit clerk regarding mediation |
| 6/19  | .5   | Phone call with Shelley White regarding defendant's brief |
| 6/21  | 4.0  | Reviewed pleadings, legislative history, briefs and met with Shelley White to prepare her for argument before 2nd Circuit |
| 6/23  | 2.5  | Met with litigation team to prepare Shelley White for tomorrow's 2nd Circuit argument on Motion for PI pending appeal |
| 6/24  | 1.75 | 2nd Chair at Argument before 2nd Circuit |
| 6/27  | .1   | Reviewed Court Order Granting Injunction |

Sharon D. Langer
Rabin Time Records                          10

| | | |
|---|---|---|
| 6/27 | .2 | Phone call with Shelley White re: Order |
| 7/1 | .2 | Email to litigation team about reinstating class members |
| 7/1 | .2 | Phone call with Hugh Barber about notification of class members re: injunction |
| 7/1 | 4.0 | Reviewed several versions of 2nd Circuit Appeal Brief, edited, read 30 page excerpt from Phillips v. Noot brief, reviewed legislative history from 1984 of TMA |
| 7/2 | .7 | Researched case law on presumption that Congress doesn't err in drafting legislation for brief |
| 7/2 | 3.5 | Shelley White and I put together joint appendix for 2nd Circuit Brief so it could be paginated and copied; reviewed and edited brief |
| 7/7 | .2 | Phone calls with Shelley White regarding research and revisions to brief |
| 7/7 | 1.5 | Researched AFDC and Medicaid statutes and regulations concerning applicability of cash disregards in both programs |
| 7/7 | 1.0 | Reviewed and edited latest draft of 2nd Circuit Appeal Brief |
| 7/8 | .1 | Left message for Hugh Barber asking for update of Defendant's plans to reinstate plaintiff class pursuant to 2nd Circuit Order |
| 7/9 | .2 | Phone call with Shelley White and email to Defendant's counsel about reinstating plaintiff class members |
| 7/11 | .1 | Email to Shelley White re: correspondence with 2nd Circuit and re: delivery of index pleading to federal district court |
| 7/11 | .5 | Copied Index Pleading, emails to and from Shelley White regarding filing of Index with district court |
| 7/16 | .1 | Email to Hugh Barber re: reinstatement of class members pending appeal |
| 7/16 | .1 | Phone call with Hugh Barber re: reinstatement of class members |
| 7/17 | .3 | Phone calls and emails with litigation team about reinstatement of class members |

Sharon D. Langer
Rabin Time Records                        11

| 7/17 | .1 | Email to Hugh Barber about reinstatement of plaintiffs and fair hearing requests |
| 7/24 | 1.0 | Reviewed Defendant's appeal brief in preparation for meeting with litigation team |
| 7/24 | 2.0 | Met with litigation team at GHLA to discuss argument and finish reply brief |
| 7/25 | 1.0 | Reviewed and edited latest draft of reply brief on appeal |
| 7/27 | 2.0 | Reviewed Houston law review article on post-Gonzaga § 1983 jurisprudence |
| 7/28 | .5 | Phone call with Shelley White re: reply brief |
| 7/30 | .2 | Phone calls and emails to and from Alredo Galan of 2nd Circuit re: reply brief |
| 7/31 | .1 | Phone call with Shelley White to schedule moot for 2nd Circuit argument |
| 7/31 | 2.0 | Reviewed record on appeal for tomorrow's moot |
| 8/1 | 3.0 | Met with litigation team to moot Shelley White for Monday's argument before the 2nd Circuit |
| 8/4 | 1.2 | 2nd Chair at Argument of Appeal before 2nd Circuit |

**2004**

| 1/28 | .5 | Reviewed Defendant's Motion to Dissolve |
| 2/2 | .5 | Reviewed Shelley White's draft Response to Defendant's Motion to Dissolve |
| 2/2 | .2 | Email and phone call to Shelley White regarding Response to Motion |
| 3/26 | .1 | Phone call with Lucy Potter re: decision |
| 5/10 | 1.0 | Review of time records for Fee Application |

Sharon D. Langer
Rabin Time Records                    12

**Total:**

**TRAVEL:**

| Date | Time | Activity |
|------|------|----------|
| 3/26 | .2 | Travel to Greater Hartford Legal Aid (GHLA) to meet with Lucy Potter |
| 3/26 | .2 | Travel to West Hartford |
| 3/28 | .8 | Travel to New Haven Legal Assistance (NHLAA) to meet with litigation team |
| 3/28 | .8 | Return to New Britain |
| 3/30 | .2 | Travel to GHLA to prepare for tomorrow's TRO hearing |
| 3/30 | .2 | Return to West Hartford |
| 3/31 | .2 | Travel to Greater Hartford Legal Aid to meet litigation team and pick up visual aides for TRO hearing today |
| 3/31 | .2 | Travel to Federal District Court, Hartford for TRO hearing |
| 3/31 | .2 | Travel from Federal District Court to GHLA |
| 3/31 | .2 | Return to West Hartford |
| 4/15 | .3 | Travel to Federal District Court, Hartford to hand-deliver copies of TRO Supplemental brief points 1 & 2 to federal court clerk and judge's chambers |
| 4/15 | .2 | Return to West Hartford |
| 5/1 | .2 | Travel to GHLA for Loveland Deposition |
| 5/1 | .2 | Return to West Hartford |
| 5/2 | .2 | Travel to GHLA for Massicotte Deposition |
| 5/2 | .2 | Return to West Hartford |

Sharon D. Langer
Rabin Time Records                    13

| | | |
|---|---|---|
| 5/5 | .2 | Travel to GHLA to meet with Lucy Potter re: TMA argument for PI hearing |
| 5/5 | .2 | Return to West Hartford |
| 5/6 | .2 | Travel to GHLA to meet litigation team prior to PI hearing today |
| 5/6 | .2 | Travel to Federal District Court, Hartford for PI Hearing |
| 6/24 | 2.5 | Travel to NYC to 2nd Chair Argument on Motion for Injunction Pending Appeal at Second Circuit |
| 6/24 | 2.5 | Return to West Hartford |
| 7/11 | .3 | Travel to Federal District Court, Hartford to hand deliver index |
| 7/11 | .2 | Return to West Hartford |
| 7/24 | .2 | Travel to GHLA to meet with litigation team regarding Defendant's appeal brief |
| 7/24 | .2 | Return to West Hartford |
| 8/1 | .6 | Travel to NHLAA to moot Shelley White |
| 8/1 | .6 | Return to New Britain |
| 8/4 | 2.5 | Travel to NYC to Second Chair Argument on Appeal at Second Circuit |
| 8/4 | 2.5 | Return to West Hartford |

**Travel Total:**    17.4 hours

Sharon D. Langer
Rabin Time Records                14