UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| RONNI RABIN, ET AL. | : | No. 03-CV555(RNC) |
|    *Plaintiffs-appellants* | : | |
| | : | |
|    v. | : | |
| | : | |
| PATRICIA WILSON-COKER | : | |
| Commissioner of the Connecticut | : | |
| Department of Social Services, in her | : | |
| Official capacity | : | |
|    *Defendant-appellee* | : | JANUARY 18, 2005 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED
MOTION FOR ATTORNEYS' FEES AND COSTS**

The plaintiffs have filed an amended motion for attorneys' fees and costs in which plaintiffs eliminate the hours (26.15) claimed by one attorney (Gibau), reduce the hours claimed by another attorney (Toubman – hours reduced by 22 hours), but add an additional 26.5 hours expended by Attorney White on the amended fee petition and supporting brief. Plaintiffs also amend their fee petition by adding affidavits of counsel on the prevailing hourly rates. Finally, plaintiffs filed a supporting brief which purports to support the amended fee application and responds to several of the arguments asserted by the defendant in opposition.

    1. <u>Objection To 26.5 Additional Hours Claimed By Attorney White On The Fee Application</u>.

The defendant objects in their entirety to the additional 26.5 hours spent by Attorney White on the fee application. Alternatively, the defendant maintains that the requested additional hours be reduced to no more than an additional eight (8) hours to account for the limited success that will be obtained on the fee application. The defendant acknowledges that time <u>reasonably and necessarily expended</u> in pursuing the fee application is compensable under 42 U.S.C. §1988.

The additional time spent correcting several of the errors on the prior application (for example, by deducting the number of hours claimed by Attorney Toubman to correct mathematical error) is certainly not reasonably and necessarily spent, however, and should not be charged to the defendant.

Furthermore, the requested twenty-six and one-half -additional hours pursuing fees should be entirely denied because the fee claim is exorbitant and plaintiffs should not be rewarded by being compensated for additional hours pursuing an excessive claim. Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978) ("On the other hand, if the attorney's initial claims are exorbitant, or the time spent advancing them unreasonable, the district court should refuse further compensation.") As Lund points out, unless time spent pursuing fees is denied in such circumstances, "parties submitting exorbitant claims to fees … present losing parties with the 'Catch 22' choice between acceding to the demand or incurring still greater expenses by voicing their legitimate objections." Id. In accord, Gagne v. Maher, 594 F.2d 336, 344 (2d Cir 1979) ("If the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge may refuse further compensation or grant it sparingly.")

Alternatively, if any additional time is allowed, the requested additional hours should be reduced to be consistent with the time that was reasonably necessary to pursue the fee claim and with the degree of success that will be obtained on the claim. The District Court has broad discretion to determine the amount of time that is reasonably necessary to pursue fees, and may reduce the amount attributable to pursuing fees accordingly. Ustrak v. Fairman, 851 F.2d 983, 987 (7th Cir. 1988), Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995) The time spent pursuing fees is evaluated by applying the same factors that are applied in evaluating the time

spent in the underlying action, notably including the degree of success achieved. Here plaintiffs' fee request will be reduced substantially.

The bulk of plaintiffs recent brief, for example, addresses whether the time requested by the third (Potter – 50% in dispute), fourth and fifth attorneys (Bass and Toubman) was reasonably necessary and should be compensated, and whether plaintiffs are entitled to be fully compensated for the time spent on their unsuccessful <u>ex parte review</u> claim. Respectfully, these fee claims will not be allowed by the Court, as submitted. Accordingly, the additional fees sought by Attorney White related to the fee applications must be reduced as a result to reflect the limited degree of success that will be achieved on the fee application. The supplemental affidavit of Attorney White does not provide a sufficiently specific delineation of how she expended the additional time on the fee application. The defendant attentively suggests, therefore, that the number of additional hours allowed should be limited no more than to eight (8) additional hours (instead of the 26.5 additional hours requested).

2.  <u>Plaintiffs Have Not Shown That The Services Of Five Attorneys Were Reasonably Necessary</u>.

Plaintiffs claims that the work of multiple attorneys on the same litigation is "not unreasonable per se" and is compensible as long as the billing "reflects the distinct contribution of each lawyer to the case." Pl. Br. P.3. Plaintiff's further claim that the defendant did not specifically identify any of the work performed by Attorneys Potter, Toubman, and Bass as being duplicative. This response doesn't withstand scrutiny.

Plaintiffs' counsel, as employees of non-profit organizations that receive substantial private and public funds, apparently have the luxury of engaging in litigation utilizing a "team" approach. This involved sending <u>five</u> attorneys to the preliminary injunction hearing,

3

notwithstanding that only two attorneys actively participated in the hearing, sending <u>three</u> attorneys to the two depositions, and participating in numerous meetings and conference calls involving <u>all of</u> the "team members." All five attorneys are billing for the time spent conferring and consulting with each other in many meetings and conference calls. <u>Substantial duplication</u> is inherent in that approach. Indeed, the hourly records of Attorney Bass indicate that essentially <u>all</u> of his <u>substantial</u> time was spent meeting with co-counsel, reviewing their work, and consulting on the conduct of the litigation. Essentially, <u>all</u> of his time was duplicative, and does not reflect his distinct, individual, personal performance of tasks that were required in the litigation of the case.[1]

Similarly, Attorney Toubman's time records also reflect <u>substantial</u> consultation with the multiple co-counsel. Furthermore, Attorney Toubman did not even have an appearance in this matter, and, therefore, was under no obligation to act as an attorney in this matter. The defendant was certainly unaware of his involvement in this case. He should, therefore, not be entitled to any fees.

The defendant acknowledges that a reasonable amount of "consultation" time is appropriate to fairly coordinate the conduct of the litigation. However, more than sufficient consultation and meeting time is already reflected in the hours of Attorneys White, Langer, and Potter. This case is not at all comparable to the case cited by plaintiffs, <u>Reid v. New York</u>, 584 F. Supp. 461, 462, (S.D.N.Y. 1984), where the court held that a <u>modest</u> amount of partner time

---

[1] Plaintiffs' brief at pp. 7, 8 summarizes the extensive consulting and review activities of Attorney Bass. The only task identified in plaintiffs' brief that Attorney Bass performed on his own as (as opposed to consulting with and reviewing the work done by other attorneys) is to research the TMA statutes. His time records indicate that he spent 4.1 hours on such tasks. Attorneys Potter, White and Langer similarly claim time for researching the same issues. Attorney Bass claims a total of 93.5 hours of time, approximately 89 of which were spent reviewing and consulting work done by other attorneys.

was compensible for purposes of consulting and reviewing the work of a junior attorney. Here the time spent on such activities was <u>substantial and excessive</u>, under any reasonable understanding of the private practice of law. Similarly, <u>National Ass'n of Concerned Veterans v. Secretary of Defense</u>, 675 F.2d 1319 D.C. Cir. 1982) does not support plaintiffs' position. In that case, only <u>two</u> attorneys sought fees. <u>Id</u>. at 1332, fn. 27. The court declined the invitation to deny fees for the time those <u>two</u> attorneys consulted with each other. <u>Id.</u>, at 1337. However, there is no indication that the amount of consultation time was unreasonable or excessive. Even under the defendant's proposed, the consultation time of Attorneys White, Langer and Potter (50%) is still allowable. Respectfully, three attorneys consulting with each other is more than enough.

The other attorneys on this file are all fully experienced and are all claiming to be reimbursed at "partner rates." The efficiency of having a senior lawyer briefly review and monitor the work of lower charging, junior attorneys is simply not present. A private law firm would not have the luxury of practicing law in such a manner, and could not bill a paying client on that basis. The defendant should similarly not be expected to pay fees on that basis.

As noted in the defendant's initial brief, the courts in this district have been especially diligent about reviewing fees where multiple attorneys claim fees because of the increased risk that excessive, unnecessary, redundant, and duplicative time will be claimed. In addition to the cases cited in our prior brief, see <u>Trimper v. City of Norfolk</u>, 58 F. 68, 77 (4th Cir. 1995), where the court allowed compensation for only <u>one</u> attorney, disallowing compensation for the second and third attorneys, citing the duty of counsel to minimize fees. <u>Trimper</u> also indicates that the services of only one attorney is sufficient to meet the objectives of §1988 of encouraging the availability of counsel, and that §1988 generally (in the absence of unusual complexity) "does

5

not authorize an award of fees for more than one qualified counsel." Id.  Plaintiffs have not demonstrated that the services of attorneys Bass or Toubman (or that all of Attorney Potter's time as third seat) were reasonably necessary.  Compensation should be denied accordingly.

3.    Plaintiff's Unsuccessful "Ex Parte Review" Claim under 42 U.S.C. § 1396a(a)(8) is Not "Related to" Their Successful Transitional Medical Assistance ("TMA") Claim under 42 U.S.C. § 1396 r-6.

Plaintiffs claim that their unsuccessful "ex parte review" claim is "related to" their successful TMA claim merely because both claims were filed in a single lawsuit that had the "singular goal" of preventing the implementation of legislative directives that required the Commissioner to terminate Medicaid eligibility for several district groups of individuals. Specifically, state legislative directives required the Commissioner to reduce the income eligibility limit for families in the "1931 coverage group" to one hundred percent of poverty, and to eliminate the optional "continuous eligibility" and -"guaranteed eligibility" Medicaid coverage groups.  Plaintiffs' claim with respect to the 1931 coverage groups was successful to the extent that covered families had income from employment as a result of the appeal court's determination that such families were eligible for TMA under 42 U.S.C. § 1396r-6 because their loss in eligibility was deemed to be attributable to their income from employment, not as a result of the statutory reduction in the income eligibility limit.  However, more than seven thousand individuals consisting of families previously in the 1931 coverage group who had only unearned income and adults who were previously covered in the "continuous eligibility" and "guaranteed eligibility" coverage groups, lost  eligibility and obtained no relief because of the Court's determination that the defendant was entitled to prevail on plaintiffs' ex parte review claim.

6

The two claims were asserted on behalf of distinct groups of individuals, were predicated upon different legal theories (1396r-6 as opposed to § 1396a(a)(8)), and arose out of entirely different operative facts. Specifically, plaintiffs "ex parte review" claim was dependent upon the factual steps that the defendant had taken (or failed to take) to determine whether an individual losing assistance remained eligible under a different coverage group. The factual inquiry that was at the core of plaintiffs' ex parte review claim is entirely irrelevant to plaintiffs' TMA claim. Approximately seven thousand individuals lost assistance, when the defendant prevailed on this claim.

The defendant previously demonstrated that an unsuccessful claim will be found to be "related to" a successful claim only if they arise out of the same core of operative facts. Hensley v. Eckerhart, 461 U.S. 2124, 435 (1983) (claims are unrelated if they arise out of "different facts and legal theories"); Murphy v. Lynn, 118 F.3d 938, 952 (2d Cir.) (claims are related only if they "required essentially the same proof"); Paque v. City of Burlington, 935 F.2d 1343, 1359 (2d Cir. 1991) (claims are related when they are "intertwined factually"); Grant v. Bethlehem Steel Co., 973 F.2d 96, 101 (2d Cir. 1992) (related claims arise out of the same "core of facts").

Plaintiffs' suggestion that the claims are "related" merely because they both arise out of the "singular goal" of preventing the implementation of legislative reductions is unsupportable. Hensley does not stand for the proposition that plaintiffs should receive a fully compensatory fee merely because they allegedly achieved "excellent" results on their successful claim, as suggested by plaintiffs, in their brief at pp. 9, 10. To the contrary, Hensley stands for the proposition that claims must be treated as "unrelated," as if they were brought in separate actions, where they do not arise out of the same core of operative facts. The quotation from

7

Hensley at p. 9 of plaintiffs January 7, 2005 brief that "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," 461 U.S. at 425, clearly only applies, in context, where the claims are first determined to be related because they arise they arise out of the same operative facts. That situation does not apply here. Similarly, LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2d Cir. 1998) does not support plaintiffs' position that "excellent results" and a "singular goal" are sufficient to justify a fully compensatory fee. All of the claims in that case were, in fact, found to be based "on the same core of facts and law."[2] Id. Plaintiffs wholly fail to make any demonstration that their successful and unsuccessful claims are based upon the same core of operative facts.[3] Further, it is plaintiffs burden to demonstrate the amount of time that was reasonably and necessarily expended on their successful claim, which they have failed to do.

4.     Alternatively, A Reduction Is Required Based Upon The Degree Of Success Achieved.

Alternatively, a substantial reduction is required based upon the limited degree of success achieved. No relief of any kind was obtained for a significant percentage of the plaintiff class. This is not a case where "excellent results" were obtained on behalf of all plaintiffs,

---

[2] Similarly, the successful equitable relief claims in that case were based on the "same core of facts and law" as plaintiffs' unsuccessful money damage claims. Id.

[3] Plaintiffs' alternative suggestion that defendant's proposed fifty percent reduction for all time expended prior to June 9, 2003 is unreasonable and excessive is similarly unsupportable. The ex parte review claim involved significantly greater factual effort, making a fifty percent reduction modest, if anything. . Furthermore, plaintiffs' can't complain about the precise accuracy of the reduction because their own time records do not adequately account for the time spent on each claim.

notwithstanding that plaintiffs may not have prevailed on all legal theories asserted and may not have obtained all of the relief that was sought.  Wherefore, assuming <u>arguendo</u> that the claims are deemed to be "related," a reduction is nevertheless required to account for the limited degree of success obtained.

Respectfully Submitted,

THE DEFENDANT-APPELLEE

PATRICIA WILSON-COKER, COMM'R
DEPARTMENT OF SOCIAL SERVICES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Hugh Barber
Assistant Attorney General
Federal Bar No. ct05731
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

**CERTIFICATION**

I hereby certify that a copy of the foregoing <u>Memorandum In Opposition To Plaintiff's Amended Motion For Attorneys' Fees And Costs</u> was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 18th day of January, 2005, first class postage prepaid to:

Sharon Langer, Esq.
Connecticut Legal Services, Inc.
587 Main Street
New Britain, CT  06051

Lucy Potter, Esq.
Greater Hartford legal aid
999 Asylum Avenue, 3rd Floor
Hartford, CT  06105

Greg Bass, Esq.
Greater Hartford legal aid
999 Asylum Avenue, 3rd Floor
Hartford, CT  06105

Joanne G. Gibau, Esq.
New Haven Legal Assistance Association
426 State Street
New Haven, CT  06510

Shelley A. White, Esq.
New Haven Legal Assistance Association
426 State Street
New Haven, CT  06510

_____
Hugh Barber
Assistant Attorney General