UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNI RABIN, ET AL.,                    :
                                        :
      Plaintiffs,                       :
                                        :
V.                                      :   CASE NO. 3:03-CV-555(RNC)
                                        :
PATRICIA WILSON-COKER,                  :
Commissioner of the Connecticut         :
Department of Social Services,          :
in her official capacity,               :
                                        :
      Defendant.                        :

RULING AND ORDER

     Plaintiffs' amended motion for fees and costs [Doc. # 62] is
granted in part for the reasons stated below, and their original
motion for fees [Doc. # 55] is denied as moot.[1]

     It is undisputed that under 42 U.S.C. § 1988, the plaintiffs
are entitled to an award of reasonable fees and costs.  The
starting point for determining the fee is the so-called
"lodestar" amount, which is arrived at by multiplying "the number
of hours reasonably expended on the litigation . . . by a
reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433
(1983); see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d
Cir. 1999).  Reasonable attorneys' fees also include reasonable
out-of-pocket expenses ordinarily charged to clients.[2]  See

---

     [1]  Familiarity with the prior proceedings in this case is
presumed.  See Rabin v. Wilson-Coker, 362 F.3d 190 (2d Cir.
2004).

     [2]Defendant does not challenge the $3,456.11 in costs claimed
                                              (continued...)

<u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 763 (2d Cir. 1998).
To enable a court to calculate the lodestar amount, the fee
applicant must support her application with contemporaneous time
records specifying the date, hours expended, and nature of work
performed.  See <u>Hensley</u>, 461 U.S. at 437 & n.12.  Hours that are
excessive, redundant, or otherwise unnecessary should be
excluded.  See <u>id.</u> at 434.  The lodestar should be based on
prevailing market rates for attorneys of comparable skill,
experience, and reputation.  See <u>Blum v. Stenson</u>, 465 U.S. 886,
895 n.11 (1984); <u>Kirsch v. Fleet Street, Ltd.</u>, 148 F.3d 149, 172
(2d Cir. 1998).  In addition, a prevailing party is not entitled
to a fee for time spent prosecuting unsuccessful claims if those
claims are unrelated to the claim on which the party prevailed.
See <u>Hensley</u>, 461 U.S. at 434-35.

I.   <u>Calculating the Lodestar</u>

   A. <u>Hours Reasonably Expended</u>

   The time records submitted in support of the amended motion
indicate that five attorneys, Shelley White, Sharon Langer, Greg
Bass, Lucy Potter, and Sheldon Toubman,[3] devoted a total of 760

---

[2](...continued)
by the plaintiffs in this case.

   [3]  Plaintiffs' original motion included 26.15 more hours for
worked performed by Attorney Joanne Gibau.

hours to the underlying litigation.[4]  See Pls.' Am. Motion for Attorneys Fees and Costs, Ex. A.  Defendant contends that this total should be reduced for a variety of reasons.  I find that some reductions are appropriate and reduce the lodestar total to 667 hours.

    1.  Vagueness

The defendant contends that vague entries in the time records require a reduction in the total number of hours used to determine the lodestar.  Counsel seeking fees are "not required to record in great detail how each minute of [their] time was expended."  Hensley, 461 U.S. at 437 n.12. But they are obliged "to keep and present records from which the court may determine the nature of the work done, [and] the need for and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested."  F.H. Kear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987)(rejecting time records with one description for an entire day's work).  Generally speaking, the time records at issue here satisfy this standard, but some of them do contain the kind of entries, such as "work on brief," that have been rejected as vague by other judges of this court.  See G.M. v. New Britain Bd. of Educ., No. 3:96CV2305AVC, 2000 WL

---

    [4]This total does not include the time that Attorney White spent defending the fee application.  I discuss the fees awarded for that time below.

435577, at *5  (D. Conn. March 8, 2000) (reducing lodestar by 20 percent because entries such as "preparation for hearing," and "work on appeal brief" were inadequate); Mr. & Mrs. B. v. Weston Bd. of Educ., 34 F. Supp. 2d 777, 781 (D. Conn. 1999) ("Entries stating such vague references as 'review of file,' 'review of correspondence,' 'research,' 'conference with client,' and 'preparation of brief' do not provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter").  In light of these vague entries, a 5% reduction in the total number of hours is appropriate.

The defendant also contends that many of the entries are too vague to permit the court to determine whether the time was spent on a successful claim.  This concern is addressed below in connection with defendant's argument for a reduction in fees based on limited success.  See Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992) (describing process of reducing lodestar for partial success).

2.  Bundled Claims

The defendant contends that some of the entries are "bundled" (i.e. encompass multiple tasks) in a manner that makes it difficult to determine the reasonableness of the time spent on any listed activity.  See Soler v. G & U, Inc., 801 F. Supp. 1056, 1061 (S.D.N.Y. 1992).  No such "bundled" entry is specifically cited and I find none that, alone or in combination

with others, warrants a reduction in the total number of hours.

    3. <u>Duplicative Efforts</u>

The defendant urges the court to reduce the hours of Attorney Potter by 50%, and disallow all time spent by Attorneys Bass and Toubman, on the ground that using five attorneys to prosecute this action was "excessive, redundant or otherwise unnecessary."  <u>See</u> <u>Hensley</u>, 461 U.S. at 434.

<u>Attorney Potter</u>

Attorney Potter acted as "third chair" during the proceedings in this court.  The defendant argues that plaintiffs have failed to demonstrate that they needed more than two attorneys to work on this matter.  Based on my review of the time records, I find that most of Attorney Potter's time was reasonably spent.  However, her appearance at two depositions also attended by Attorneys White and Langer must be regarded as unnecessary.  Accordingly, 8.8 hours of her time is disallowed.

<u>Attorney Bass</u>

Attorney Bass did not play a lead role in the litigation. Nonetheless, he expended 93.5 hours.  The defendant contends that this amount is excessive given his "consultative role." Plaintiffs urge that extensive consultation among a team of attorneys was necessary because of the pace of the litigation, its complexity, and the intensity of the defendant's opposition. I agree to a large extent but find it appropriate to disallow the

6.5 hours he spent at the hearing on May 6, 2003, and reduce the balance by 25%.

Attorney Toubman

Attorney Toubman did not enter an appearance in the case, yet plaintiffs ask to be reimbursed for 81.1 hours of his time. The defendant argues that his lack of an appearance prohibits him from seeking a fee. In Malarkey v. Texaco, Inc., 794 F.Supp. 1237, 1248 (S.D.N.Y. 1992), the court disallowed the hours of a non-appearing attorney who did not "have direct contact with any lawyer who did" appear. Id.; see also Kregos v. The Latest Line, Inc., No. 5-92-CV-398(WWE), 1998 WL 696007, at *2-3 (D. Conn. Aug. 31, 1998) (non-appearing attorney "never met, spoke to, or corresponded with counsel for any of the defendants"). Here, Attorney Toubman consulted extensively with plaintiffs' counsel. Accordingly, I find that his time is compensable but reduce his total hours by 25%.

B. Reasonable Hourly Rates

The parties disagree as to the hourly rates that should be used to calculate the lodestar. Based on the affidavits of other Connecticut attorneys that have been submitted in support of the plaintiffs' claim, and my independent knowledge of the market for legal services in Connecticut, I find that lawyers of comparable experience to that of plaintiffs' counsel have been compensated for their services in the range of $250 to $275 per hour. I

further find it reasonable that Attorneys White and Langer have charged their travel time at one half their normal rates.

Defendant observes that all five of plaintiffs' counsel are seeking reimbursement at rates charged by partners in private practice.  I agree with the defendant that attorneys in private practice would have had the ability to reduce costs by delegating certain tasks to associates.  I also agree with defendant's argument that Attorneys Potter, Bass and Toubman's roles in the case were primarily in support of Attorneys White and Langer.  For these reasons, I find the hourly rate of $275 per hour for Attorney White and $250 per hour for Attorney Langer, with appropriate reductions in these rates for travel, to be reasonable, and reduce the hourly rate of Attorney Potter to $225 per hour, and the rates of Attorneys Bass and Toubman to $200 per hour.

    C.   <u>The Lodestar Calculation</u>

The lodestar calculation is as follows:

| ATTORNEY | TOTAL HOURS | RATE | TOTAL |
|----------|-------------|------|-------|
| White | 223.4 | $275.00 | $61,435.00 |
| White (travel) | 21.9 | $137.50 | $ 3,011.25 |
| Langer | 173.9 | $250.00 | $43,475.00 |
| Langer (travel) | 16.5 | $125.00 | $ 2,062.50 |
| Potter | 111.4 | $225.00 | $25,065.00 |
| Bass | 61.7 | $200.00 | $12,340.00 |

| Toubman | 57.8 | $200.00 | $11,560.00 |
| **Total** | **667** | | **$158,948.75** |

## II.   Adjusting the Lodestar

There is a strong presumption that the lodestar figure represents a reasonable fee.  See Quaratino, 166 F.3d at 425. However, the lodestar may be adjusted on the basis of several factors, including the "results obtained."  Hensley, 461 U.S. at 434.  "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"  Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436).  When a plaintiff has obtained excellent results, the attorney should recover a fully compensatory fee.  Hensley, 461 U.S. at 435.  When a plaintiff recovers less than all the relief sought but the relief obtained is nevertheless substantial, a fee award based on all hours reasonably expended may still be appropriate if the relief obtained justifies the expenditure of attorney time.  See id. at 435 n.11.  However, if a plaintiff recovers only minimal damages that fall well short of the relief sought, a reduction in the lodestar may be necessary and appropriate.  See Farrar, 506 U.S. at 114; Hensley, 461 U.S. at 434.  There is no formula for determining the extent to which a lodestar should be reduced to account for the limited nature of a plaintiff's success.  See id.

8

at 436.  An "equitable judgment" is required.  Id. at 437.

Defendant urges that any fee award should be substantially reduced because the plaintiffs obtained only limited success.  I disagree.  Originally, the plaintiffs made three claims.  First, they claimed they were entitled to transitional medical assistance ("TMA") pursuant to 42 U.S.C. § 1396r-6.  Second, they claimed that the State could not terminate their Medicaid coverage until the Department of Social Services conducted an ex parte review of their file and determined that they were not qualified for coverage under any category.  Finally, they claimed that the termination notice they received was invalid because it failed to inform them that if they requested a hearing, they would secure coverage until the hearing was held.  Subsequently, the Department made efforts to identify individuals who were eligible for other types of coverage.  These efforts resulted in coverage for nearly 1,000 individuals.  The Department also issued a new notice informing people that if they contacted a caseworker in accordance with the new notice, their coverage would continue until a determination of eligibility was made.  It also extended the benefits termination date from April 1, 2003 to July 1, 2003.

On March 31, 2003, I granted plaintiffs' motion for temporary restraining order and enjoined the defendant from terminating the plaintiffs' Medicaid benefits.  After a hearing

9

in May 2003, I denied plaintiffs' motion for a preliminary injunction and granted defendant's motions for partial summary judgment on the TMA and ex parte review claims.  But my ruling against the plaintiffs on the TMA claim was later overturned, and my ruling that an ex parte review of plaintiffs' records was not required was based on the new notice and review procedures.

In view of the results obtained by plaintiffs' counsel, I find that only a very modest reduction is called for and, accordingly, reduce the overall fee amount by 15%.  This results in a fee award of $135,106.

III. <u>Costs</u>

Plaintiffs are also entitled to be reimbursed for reasonable costs.  Defendant does not object to plaintiffs' request for costs of $3,456.11, and the costs are adequately supported by the record.

IV.  <u>Defense of Fee Application</u>

Attorney White claims 26 additional hours that she spent defending her fee application.  Time that is reasonably spent establishing a claim for attorney's fees is compensable under fee-shifting provisions.  See <u>Gagne v. Maher</u>, 594 F.2d 336, 344 (2d Cir. 1979).  Based on Attorney White's supplemental time records, I find that plaintiffs are entitled to compensation for an additional 25 hours of Attorney White's time at $275 per hour,

for a total of $6,875.00.[5]

III.   <u>Conclusion</u>

Accordingly, Plaintiffs' Amended Motion for Fees and Costs [Doc. # 62] is granted in part and denied in part.  Plaintiffs are awarded fees and costs in the total amount of $145,437.11. Plaintiffs' original Motion for Attorneys' Fees [Doc. # 55] is denied as moot.

So ordered.

Dated at Hartford, Connecticut this 31st day of March, 2006.


                    _____\s_____
                         Robert N. Chatigny
                         United States District Judge

_____

[5]  One hour has been deducted in deference to defendant's position that she should not have to pay for time spent correcting errors.

11